STATE *v.* FRANK SMITH.

( *Knoxville.*  September Term, 1907.)

1.  **CONSTITUTIONAL LAW.  Amendatory statute must recite
    the title or substance of the law sought to be expressly
    amended.**

    Acts 1899, ch. 381, expressly undertaking to amend Acts 1897,
    ch. 106, making it a felony for any one to knowingly, willfully,
    and maliciously cut or remove timber, for market, from the
    land of another, without the owner's consent, by striking out
    the words "and maliciously," is void because of its failure to
    recite in its caption or otherwise the title or substance of
    the law sought to be amended as required by the constitution.
    (*Post, p.* 524.)

    Acts cited and construed:    Acts 1897, ch. 106;  Acts 1899, ch.
    381.

    Constitution cited and construed:    Art. 2, sec. 17.

    Case cited and approved:    Railroad v. State, 110 Tenn., 598.

2.  **INDICTMENTS.  For statutory offenses should pursue the
    statute;  substituted equivalent word does not invalidate
    indictment.**

    It is always best for the indictment for a statutory offense to
    pursue the  words of the statute; but where a substituted word
    is equivalent to the one in the statute, or is of more exten-
    sive signification, and includes it, the indictment will be suffi-
    cient.  (*Post, pp.* 524, 525.)

    Cases cited and approved:    Peek v. State, 2 Humph., 85;  Starks
    v. State, 7 Bax., 65;  State v. Pennington, 3 Head, 120.

State v. Smith.

3. **CRIMINAL LAW.** Word "knowingly," as used in criminal statutes, defined.

The word "knowingly," as used in criminal statutes, means that state of mind wherein the person charged was in possession of facts under which he was aware he could not lawfully do the act whereof he is charged; knowledge of the law being necessarily imputed to him, as in all criminal cases. (*Post, p.* 525.)

Case cited and approved: McGuire v. State, 7 Humph., 54.

4. **SAME.** Word "willfully," as used in criminal statutes, defined.

The word "willfully," as used in criminal statutes, means intentionally; that is, that the person doing the act intended at the time to perform the particular act. (*Post, p.* 525.)

5. **SAME.** Word "maliciously," as used in criminal statutes, defined.

The word "maliciously," used in a criminal statute as appears in the first headnote, is used in the broad, legal sense of criminal intention, or that state of mind of a person who does a wrongful act intentionally or willfully, and without legal justification or excuse. (*Post, p.* 525.)

6. **SAME.** Words "knowingly," "willfully," and "maliciously," taken together, defined.

The words, "knowingly," "willfully," and "maliciously," taken together, comtemplate a case wherein a man acts advisedly, intentionally, and with criminal intent, or that state of mind of a person who does a wrongful act intentionally or willfully, and without legal justification or excuse. (*Post, pp.* 525, 526.)

7. **SAME.** Word "feloniously" defined; and includes "maliciously."

The word "feloniously" means with a deliberate intent to commit a wrongful act, contrary to law, constituting an offense, an act done with intent to commit a crime, and, as so used, includes "maliciously." (*Post, pp.* 526, 527.)

State v. Smith.

Cases cited and approved:    Young v. Commonwealth, 12 Bush
(Ky.), 243; Aikman v. Commonwealth, 18 S. W., 937, 13 Ky.
Law Rep., 894; Shotwell v. State, 43 Ark., 347; Commonwealth
v. Carson, 166 Pa., 183; Whitman v. State, 17 Neb., 224.

8.  **SAME.** Substitution of "feloniously" for "maliciously" does
not vitiate the indictment, when.

The substitution of the word "feloniously" for the word "malic-
iously" in an indictment under the statute stated in the first
headnote is sufficient, and does not vitiate the indictment.
(*Post, pp.* 525-527.)

---

FROM BLEDSOE.

---

Appeal in error from the Circuit Court of Bledsoe
County.—JOSEPH C. HIGGINS, Judge.

ATTORNEY-GENERAL CATES, for State.

No counsel marked for Smith.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

The indictment in this case charged that the plaintiff
in error "on the ——— day of April, 1906, and on divers
other days prior to that date, and up to the finding of
this indictment, in the State and county aforesaid, did
unlawfully, knowingly, willfully, and feloniously cut
and remove from said tract of land" (previously de-
scribed in the indictment) "timber growing upon said

land, for the purpose of marketing the same, without the consent of said John C. Myers and William C. Johnson, the owners in fee of said tract of land, contrary to the said form of the statute in such case made and provided, and against the peace and dignity of the State."

This indictment was based on chapter 106, p. 257, of the Acts of 1897. That act provides that it shall be a felony for any one to "knowingly, willfully, and maliciously cut or to remove, for the purpose of marketing the same, timber from the lands of another, without the consent of the owner of the timber so cut or removed."

By chapter 381, p. 889, of the Acts of 1899, an effort was made to amend the foregoing statute by striking out the words "and maliciously;" but this latter act is void, because it violates article 2, section 17, of the constitution, since it does not recite in its caption or otherwise the title or substance of the law sought to be amended. *Memphis Street Ry. Co.* v. *State,* 110 Tenn., 598, 75 S. W., 730.

In the court below the indictment in the present case was quashed because it omitted the word "maliciously," and substituted therefor the word "feloniously." The question to be determined is whether the substituted word supplied the place of the word omitted.

It is always best to pursue the words of the statute; but where a word not in the statute is substituted for one that is, and the word thus substituted is equivalent to the word used in the statute, or is of more extensive

State v. Smith.

signification than it, and includes it, the indictment will be sufficient. *Peek* v. *State,* 2 Humph., 85; *Starks* v. *State,* 7 Baxt., 65; *State* v. *Pennington,* 3 Head, 120.

In order to a correct determination of the question whether the word "feloniously" was a proper substitution for the word "maliciously" in the statute referred to, it is necessary that we construe all three of the significant words defining the offense, and ascertain the meaning of the word "maliciously" in the connection in which it stands.

The word "knowingly" has been construed by this court as being that state of mind wherein the person charged was in possession of facts under which he was aware he could not lawfully do the act whereof he was charged; knowledge of the law being necessarily imputed to him, as in all criminal cases. This was held in a case wherein the party was indicted for illegal voting under a statute which provided that "any person who shall knowingly vote at any election, not being at the time a qualified voter in the county in which he so votes, shall be adjudged guilty of a misdemeanor," etc. *Mc-Guire* v. *State,* 7 Humph., 54. "Willfully" means intentionally; that is, that the person doing the act intended at the time to perform that act. The word "maliciously," in the connection in which it appears, is used in the broad, legal sense of criminal intention, or that state of mind of a person who does a wrongful act intentionally or willfully, and without legal justification or excuse. The three terms taken together contemplate a

case wherein a man acts advisedly, intentionally, and with criminal intent, in the sense in which the latter expression has been just explained. The word "feloniously" fully covers the meaning of the word "maliciously" just indicated.

"Feloniously" is defined in the Century Dictionary as follows: "With deliberate intent to commit a wrongful act, the act being in law such as constitutes a crime of the class termed felonies." In Webster's International Dictionary one meaning attached to the word is: "In a legal sense, done with the intent to commit a crime."

In comparing the judicial definitions of the words "felonious" and "feloniously" in Words & Phrases Judicially Defined, vol. 3, p. 2731 et seq., with the judicial definitions of the word "malicious" in volume 5 of the same work, at page 4307, it is found that these words are often construed to have the same meaning, viz: "with criminal intent," or "with intent to commit a crime."

In *Young* v. *Commonwealth,* 12 Bush (Ky.), 243, and in *Aikman* v. *Commonwealth,* 18 S. W., 937, 13 Ky. Law Rep., 894, it is held that the word "feloniously" includes "maliciously and unlawfully."

In *Shotwell* v. *State,* 43 Ark., 347, it was held that where the word "maliciously" was used in a statute providing punishment for burglary, in charging the offense the use of the words "feloniously, willfully, and burglariously," instead of "willfully and maliciously," was sufficient, as by the use of the word "maliciously"

State v. Smith.

in the statute the legislature did not intend that malice towards the owner should become an element in the intent.

In Pennsylvania it is held that the word "feloniously" includes "maliciously." *Commonwealth* v. *Carson*, 166 Pa., 183, 30 Atl., 985. And in *Whitman v. State,* 17 Neb., 224, 22 N. W., 459, it was held that "maliciously" is included in the words "unlawfully, willfully, purposely, and feloniously."

On the grounds stated, we are of the opinion that the substitution of the word "feloniously" for the word "maliciously" in the indictment under examination was sufficient, and the circuit judge erred in quashing the indictment.

The judgment will therefore be reversed, and the cause remanded for issue and trial.