## UNITED STATES *v.* LEWIS.

No. 380.   Argued October 22, 1914.—Decided November 30, 1914.

The plain object of the prohibition in the Meat Inspection Law of 1906 against alteration or destruction of tags and labels is to safeguard food products against alteration and substitution so as to render the process of inspection effective, and the statute will not be so construed as to defeat the purpose for which it was passed.

The prohibition in the Meat Inspection Law against altering, defacing or destroying marks, tags, labels, etc., does not relate alone to those engaged in the business of preparing meats for transportation and carrying or assisting in the carrying of such meats in interstate commerce, but is as broad as its language and applies to any and every person, firm or corporation, or officer, agent or employé thereof.

THE facts, which involve the construction of certain provisions of the Federal Meat Inspection Law, are stated in the opinion.

*Mr. Assistant Attorney General Underwood* for the United States.

There was no appearance or brief filed for defendants in error.

MR. JUSTICE PITNEY delivered the opinion of the court.

Defendants in error were indicted for an alleged violation of the so-called Meat Inspection Law, which is a part of the "Act making Appropriations for the Department of Agriculture," etc., approved June 30, 1906, c. 3913, 34 Stat. pp. 669, 674, etc. Upon motion of

defendants the District Court quashed the indictment, basing its decision upon the construction of the statute, and the Government has brought this writ of error under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. p. 1246.

The pertinent portions of the Meat Inspection Law are set forth in the margin.[1]

---

[1] That for the purpose of preventing the use in interstate or foreign commerce, as hereinafter provided, of meat and meat food products which are unsound, unhealthful, unwholesome, or otherwise unfit for human food, the Secretary of Agriculture . . . shall cause to be made by inspectors appointed for that purpose, as hereinafter provided, a post-mortem examination and inspection of the carcasses and parts thereof of all cattle, sheep, swine, and goats to be prepared for human consumption at any slaughtering, meat-canning, salting, packing, rendering, or similar establishment in any State, Territory, or the District of Columbia for transportation or sale as articles of interstate or foreign commerce; and the carcasses and parts thereof of all such animals found to be sound, healthful, wholesome, and fit for human food shall be marked, stamped, tagged, or labeled as "Inspected and passed;" and said inspectors shall label, mark, stamp, or tag as "Inspected and condemned," all carcasses and parts thereof of animals found to be unsound, unhealthful, unwholesome, or otherwise unfit for human food; and all carcasses and parts thereof thus inspected and condemned shall be destroyed for food purposes by the said establishment in the presence of an inspector, and the Secretary of Agriculture may remove inspectors from any such establishment which fails to so destroy any such condemned carcass or part thereof. . . .

That for the purposes hereinbefore set forth the Secretary of Agriculture shall cause to be made by inspectors appointed for that purpose an examination and inspection of all meat food products prepared for interstate or foreign commerce in any slaughtering, meat-canning, salting, packing, rendering, or similar establishment, and for the purposes of any examination and inspection said inspectors shall have access at all times, by day or night, whether the establishment be operated or not, to every part of said establishment; and said inspectors shall mark, stamp, tag, or label as "Inspected and passed" all such products found to be sound, healthful, and wholesome, and which contain no dyes, chemicals, preservatives, or ingredients which render such meat or meat food products unsound, unhealthful, unwholesome, or unfit for

Pursuant to the authority conferred by the Act, the Secretary of Agriculture made certain rules and regulations, effective May 1, 1908, among which was the following:

"An official establishment may ship from the said establishment to any other official establishment any meat

---

human food; and said inspectors shall label, mark, stamp, or tag as "Inspected and condemned" all such products found unsound, unhealthful, and unwholesome, or which contain dyes, chemicals, preservatives, or ingredients which render such meat or meat food products unsound, unhealthful, unwholesome, or unfit for human food, and all such condemned meat food products shall be destroyed for food purposes, as hereinbefore provided, and the Secretary of Agriculture may remove inspectors from any establishment which fails to so destroy such condemned meat food products.

*        *        *        *        *        *        *        *

That when any meat or meat food product prepared for interstate or foreign commerce which has been inspected as hereinbefore provided and marked "Inspected and passed" shall be placed or packed in any can, pot, tin, canvas, or other receptacle or covering in any establishment where inspection under the provisions of this Act is maintained, the person, firm, or corporation preparing said product shall cause a label to be attached to said can, pot, tin, canvas, or other receptacle or covering, under the supervision of an inspector, which label shall state that the contents thereof have been "inspected and passed" under the provisions of this Act; and no inspection and examination of meat or meat food products deposited or inclosed in cans, tins, pots, canvas, or other receptacle or covering in any establishment where inspection under the provisions of this Act is maintained shall be deemed to be complete until such meat or meat food products have been sealed or inclosed in said can, tin, pot, canvas, or other receptacle or covering under the supervision of an inspector.  .  .  .

*        *        *        *        *        *        *

That on and after October first, nineteen hundred and six, no person, firm, or corporation shall transport or offer for transportation, and no carrier of interstate or foreign commerce shall transport or receive for transportation from one State or Territory or the District of Columbia to any other State or Territory or the District of Columbia, or to any place under the jurisdiction of the United States, or to any foreign country, any carcasses or parts thereof, meat, or meat food products thereof which have not been inspected, examined, and marked as

or meat food product which has been inspected and passed under these regulations without marking the same 'Inspected and passed,' if such shipment be placed in a rail-

"inspected and passed," in accordance with the terms of this Act and with the rules and regulations prescribed by the Secretary of Agriculture.

\* \* \* \* \* \* \* \*

That no person, firm, or corporation, or officer, agent, or employé thereof, shall forge, counterfeit, simulate, or falsely represent, or shall without proper authority use, fail to use, or detach, or shall knowingly or wrongfully alter, deface, or destroy, or fail to deface or destroy, any of the marks, stamps, tags, labels, or other identification devices provided for in this Act, or in and as directed by the rules and regulations prescribed hereunder by the Secretary of Agriculture, on any carcasses, parts of carcasses, or the food product, or containers thereof, subject to the provisions of this Act, or any certificate in relation thereto, authorized or required by this Act or by the said rules and regulations of the Secretary of Agriculture.

\* \* \* \* \* \* \* \*

That no person, firm, or corporation engaged in the interstate commerce of meat or meat food products shall transport or offer for transportation, sell or offer to sell any such meat or meat food products in any State or Territory or in the District of Columbia or any place under the jurisdiction of the United States, other than in the State or Territory or in the District of Columbia or any place under the jurisdiction of the United States in which the slaughtering, packing, canning, rendering, or other similar establishment owned, leased, operated by said firm, person, or corporation is located unless and until said person, firm, or corporation shall have complied with all of the provisions of this Act.

That any person, firm, or corporation, or any officer or agent of any such person, firm, or corporation, who shall violate any of the provisions of this Act shall be deemed guilty of a misdemeanor and shall be punished on conviction thereof by a fine of not exceeding ten thousand dollars or imprisonment for a period not more than two years, or by both such fine and imprisonment, in the discretion of the court. . . .

. . . Said Secretary of Agriculture shall, from time to time, make such rules and regulations as are necessary for the efficient execution of the provisions of this Act, and all inspections and examinations made under this Act shall be such and made in such manner as described in the rules and regulations prescribed by said Secretary of Agriculture not inconsistent with the provisions of this Act.

road car which is sealed by an employé of the Bureau of Animal Industry, and provided that not less than 25 per cent of the contents of each car consists of meat or meat food products not marked 'Inspected and passed.'" (Reg. 25, § 12, par. 1.)

The indictment charged, in substance, that defendants knowingly and wrongfully altered, defaced, broke, and destroyed a certain government seal, then being upon a certain railroad freight car containing meat and meat products then under government supervision for inspection and offered for transportation in interstate commerce, the seal having been affixed to the car in accordance with the rules and regulations of the Secretary of Agriculture. The clauses of the statute upon which the indictment rests are those which declare "That no person, firm, or corporation, or officer, agent, or employé thereof, shall . . . knowingly or wrongfully alter, deface, or destroy . . . any of the marks, stamps, tags, labels, or other identification devices provided for in this Act, or in and as directed by the rules and regulations prescribed hereunder by the Secretary of Agriculture, on any carcasses, parts of carcasses, or the food product, or containers thereof, subject to the provisions of this Act," and "That any person, firm, or corporation, or any officer or agent of any such person, firm, or corporation, who shall violate any of the provisions of this Act shall be deemed guilty of a misdemeanor."

The District Court construed the prohibition as relating alone to those engaged in the business of preparing meats for transportation, and the carrying or assisting in the carrying of such meats in interstate transportation. We are unable to discern any sufficient reason for giving to the language of the statute so limited an application. The plain object of the clause is to safeguard the food products in question against alteration or substitution, and thus enable the officials of the Government to sys-

tematize and render effective the processes of inspection; an object that is interfered with if the tags or other identification devices are destroyed, whether they be destroyed by those engaged in the business or by others. Moreover, one of the other prohibitions of the Act is in terms limited to those engaged in the interstate commerce of meat or meat food products.

It seems to us clear that the prohibition upon which the present indictment is founded has an effect as broad as its language, and applies to any and every "person, firm, or corporation, or officer, agent, or employé thereof." See *United States* v. *Portale*, decided November 2, 1914, *ante*, p. 27.

*Judgment reversed, and the cause remanded for further proceedings in accordance with this opinion.*

MR. JUSTICE MCREYNOLDS took no part in the consideration or decision of this case.