UNITED STATES v. PENNSYLVANIA CO.

(District Court, W. D. Pennsylvania. June 1, 1916.)

No. 3.

1. ANIMALS ⬤⟶29—CONSTITUTIONAL LAW ⬤⟶62—DIVISION OF POWERS—LEGISLATIVE AUTHORITY.

Act Feb. 2, 1903, c. 349, 32 Stat. 791 (Comp. St. 1913, §§ 8698-8700), authorizing the Secretary of Agriculture, for the purpose of suppressing and preventing the spread of contagious diseases of livestock, to establish rules and regulations concerning the transportation of such live stock, and to make such regulations as may be deemed proper to prevent the introduction and dissemination of such diseases in interstate commerce, as well as to seize, quarantine, and dispose of hay, straw, fodder, or other animal products coming from infected foreign countries, or from one state to another when advisable, is valid, not being an improper delegation of legislative functions; for as new conditions arise from time to time, and prompt and stringent measures may be necessary to stamp out an epidemic, it is proper for Congress to give to executive officers authority to establish regulations to prevent the spreading of such diseases.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 79; Dec. Dig. ⬤⟶29; Constitutional Law, Cent. Dig. §§ 94-102; Dec. Dig. ⬤⟶62.]

2. ANIMALS ⬤⟶31—DISEASES—REGULATION—INTERSTATE SHIPMENT—REASONABLENESS.

Pursuant to such act, an order of the Bureau of Animal Industry defined quarantined areas as those portions of states quarantined for foot and mouth diseases, and closed areas as those portions of quarantined areas where interstate and foreign transportation of domestic animals is prohibited, and that of animal products is restricted. General regulations authorize shipment of hides which have received an ante mortem or post mortem federal inspection without disinfection, where the shipper makes an affidavit certifying to such fact, and further provide that during the existence of the quarantine, hides taken from animals prior to a fixed date, which have been stored away from cattle, might, on affidavit to that fact, be shipped without disinfection. *Held,* that in view of the statute, the regulations were reasonably intended to fulfill its purpose.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 81; Dec. Dig. ⬤⟶31.]

3. ANIMALS ⬤⟶31—DISEASES—REGULATION—INTRASTATE COMMERCE.

In such case, in view of the purpose of the act under which the regulations were made and the terms of the orders themselves, it is to be

---

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

235 F.—61

presumed that they were adopted to carry out only the provisions of the act, and are not invalid as applying to intrastate shipments of stock and hides, etc.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 81; Dec. Dig. &⇒31.]

4. ANIMALS &⇒34—ANIMAL PRODUCTS—TRANSPORTATION—OFFENSES.

Under Act Feb. 2, 1903, c. 349, 32 Stat. 791 (Comp. St. 1913, §§ 8698–8700), authorizing the Secretary of Agriculture to make the rules and regulations for the transportation of animals and animal products, to suppress and extirpate communicable diseases, and section 3 (section 8700), making a violation of its provisions or any of the rules a misdemeanor, one violating rules of the Secretary of Agriculture is, despite the prohibition against delegation of legislative authority, guilty of an offense; the offense being declared by the act and the Secretary of Agriculture merely filling in the details by means of his regulation.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 93; Dec. Dig. &⇒34.]

The Pennsylvania Company was charged with violating Act Feb. 2, 1903, c. 349, 32 Stat. 791 (Comp. St. 1913, §§ 8698–8700), by transporting in interstate commerce a quantity of cattle hides in violation of the rules of the Department of Agriculture, and demurs to the information. Demurrer overruled.

E. Lowry Humes, U. S. Dist. Atty., of Pittsburgh, Pa.

Dalzell, Fisher & Hawkins, of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. By leave of court, the United States attorney filed an information against the defendant, charging transportation from Beaver county, Pa., into the state of West Virginia of a quantity of cattle hides without first having been disinfected under the supervision of an inspector of the Bureau of Animal Industry, or without a certificate furnished to the carrier at the point of shipment, certifying that the hides had been removed from the animals prior to August 1, 1914, and had been stored away from such animals. The information is made under Act Feb. 2, 1903, 32 Stat. 791. The act is entitled "An act to enable the Secretary of Agriculture to [more] effectually suppress and prevent the spread of contagious and infectious diseases of live stock, and for other purposes." By the first section it is provided that in order to enable the Secretary of Agriculture to effectually suppress or extirpate contagious foot and mouth diseases and other dangerous contagious and communicable diseases in cattle and other live stock and to prevent the spread of such diseases, the Secretary of Agriculture is authorized and directed from time to time to establish such rules and regulations concerning the transportation of live stock in interstate commerce as he may deem necessary, and all such rules and regulations shall have the force of law.

The second section provides that the Secretary of Agriculture shall have authority to make such regulations and take such measures as he may deem proper to prevent the introduction and dissemination of the contagion of any contagious, infectious or communicable diseases of animals in interstate commerce and to seize, quarantine, and to dispose of any hay, straw, fodder, or other similar material, or any meat,

hides, or other animal products coming from infected foreign countries to the United States or from one state to another "whenever in his judgment such action is advisable in order to guard against the introduction or spread of such contagion."

The third section provides:

"That any person, company, or corporation knowingly violating the provisions of this Act or the orders or regulations made in pursuance thereof shall be guilty of a misdemeanor."

By order No. 231 of the Bureau of Animal Industry "to prevent the spread of foot and mouth diseases in cattle, sheep and other ruminants and swine, effective on and after January 1, 1915," the Secretary defined quarantine area as "Any state or portion thereof quarantined for foot and mouth diseases in live stock," and closed area as:

"Those portions of quarantined area from and to which interstate and foreign movement of cattle, sheep and other ruminants and swine is absolutely prohibited and the movement of the dressed carcasses of such animals, hides, skins, wool, hair, horns or hoofs of such animals and of hay, straw, or similar fodder, manure or litter is restricted."

The entire state of Pennsylvania is quarantined and certain counties, among others Beaver county, is nominated as "closed area"; that is, the transportation of cattle is absolutely prohibited from these counties, and hides, etc., can be removed only subject to the restrictions imposed.

Section 9 of the General Regulations is to the effect that hides, etc., which have received ante mortem or post mortem federal inspection, may be shipped without disinfection—

"provided the owner or assignor shall first file an affidavit with the transportation company at the point of shipment certifying that the said hides, etc., are from animals which have received federal inspection as aforesaid."

Section 7 provides that during the existence of the quarantine, hides, etc., taken from such animals prior to August 1, 1914, which have since that date been stored away from cattle, etc., may be shipped without disinfection in interstate and foreign commerce, provided that the owner or consignor shall file an affidavit with the transportation company at the point of shipment so certifying.

The defendant demurred to the information, denying: First, the power of the Secretary of Agriculture to prescribe regulations, placing restrictions upon the interstate transportation of hides; second, that the Secretary of Agriculture, by his order No. 231, placing certain restrictions on the movements of hides, etc., for closed areas, has not limited such regulations to interstate movements of hides, etc.; and, third, that the matters complained of in the information do not constitute the violation of any act of Congress.

[1] As to the first question: There is no mistaking the purpose of the act of Congress. It is to prevent the spread of diseases of live stock. To this end the first section aims to prevent the transportation in interstate commerce of animals actually diseased. The second section seeks to prevent the introduction or dissemination of the contagion of any communicable disease of animals from foreign countries or from one state to another, and, to accomplish this beneficent end, au-

thorized the Secretary of Agriculture to make such regulations. and take such measures as may be deemed proper. It may be wholly impracticable for Congress to determine what measures should be taken to prevent the spread of animal diseases. New conditions arise, and not infrequently an epidemic breaks out, requiring prompt and stringent measures in order to successfully combat it. Evidently this can best be accomplished by the employment of some executive agency under such restriction as Congress may see fit to impose. Nor is it necessary or reasonable that a quarantine should be no reason for restricting interstate movement of live stock or animal products. That Congress may delegate to an executive officer the power to determine facts and conditions upon which the operation of the statute depends, without violating the prohibition against the delegations of legislative functions, is clearly settled. Mutual Film Corp. v. Industrial Commission of Ohio et al., 236 U. S. 230, 35 Sup. Ct. 387, 59 L. Ed. 552, Ann. Cas. 1916C, 296; Red "C" Oil Co. v. North Carolina, 222 U. S. 380, 394, 32 Sup. Ct. 152, 56 L. Ed. 240; St. Louis, Iron Mountain & S. Ry. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; Union Bridge Co. v. U. S., 204 U. S. 364, 27 Sup. Ct. 367, 51 L. Ed. 523; Bates & Guild Co. v. Payne, 194 U. S. 106–109, 24 Sup. Ct. 595, 48 L. Ed. 894.

[2] Are the regulations of the Secretary reasonable and within the scope of the statute? I think so. That Congress was of opinion that hides may be the means of conveying animal diseases is shown by the fact that in section 2 it is provided that the Secretary of Agriculture may seize, quarantine, and dispose of any hides while in transit from one state to another, if necessary to guard against the spread of disease. There is always the possibility that such hides may have been removed from animals in some stage of the disease, and hides removed from healthy cattle in infected or exposed areas may readily become the media for transmission of disease. I am of opinion that the regulations in question are reasonable and designed to carry out the purposes of the law. The authorities show that rules and regulations made under expressed or implied authority, by an officer charged with the duty of administering the statute are valid, if adapted to fulfill the object of the statute. United States v. Lewis, 235 U. S. 282, 35 Sup. Ct. 44, 59 L. Ed. 229; United States v. Antikamnia Chemical Co., 231 U. S. 654, 34 Sup. Ct. 222, 58 L. Ed. 419, Ann. Cas. 1915A, 49; West v. Hitchcock, 205 U. S. 80, 27 Sup. Ct. 423, 51 L. Ed. 718; Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; United States v. Grimaud, 220 U. S. 506, 31 Sup. Ct. 480, 55 L. Ed. 563.

[3] Nor do I think that the second cause of demurrer can be sustained. The act of Congress authorizes the Secretary of Agriculture to make such regulations as he may deem proper to prevent the introduction or dissemination of the contagion of any communicable disease of animals from a foreign country into the United States, or from one state or territory to another. It is to be presumed that the regulations adopted were to carry out only the provisions of the act, and not to embrace matters not covered, nor intended to be covered, thereby. The orders and regulations in question seem to be in strict conformity

with the act. "Closed areas" referred to in order 231, are "those portions of the quarantined area from and to which interstate and foreign movements of cattle," etc., is absolutely prohibited. And so also orders 6, 7, 8, and 9 distinctly refer to interstate and foreign shipments. It would be a strained and unnatural construction, considering the act and its objects, the purpose of the regulations, and the language used, to hold that the regulations in reference to the shipment of hides, etc., in section 9 are not limited to interstate movements.

[4] It is claimed, in the third place, that the particular acts alleged in the information do not constitute the violation of any act of Congress. Under the third section of the act, knowingly violating the provisions of the act, "or the orders or regulations made in pursuance thereof," is declared to be a misdemeanor, and punishable by fine or imprisonment. In United States v. Grimaud, supra, it is held that, while Congress cannot delegate legislative power, the authority to make administrative rules is not a delegation of legislative power, and such rules do not become legislation because violations thereof are punished as public offenses; that while it is difficult to define the line which separates legislative power to make laws and administrative authority to make regulations, Congress may delegate power to fill up details where it has indicated its will in the statute, and it may make violations of such regulations punishable as indicated in the statute. We think this decision controlling, in the case at bar, so far as the third cause of demurrer is concerned.

The demurrer is therefore overruled.