A. M. RIDENOUR *v.* THE STATE.*

(*Knoxville.* September Term, 1928.)

Opinion filed October 13, 1928.

## 1. CRIMINAL LAW. DESTROYING LANDMARK.

A conviction cannot be had on an indictment returned under our statutes which provides that "whoever shall unlawfully, knowingly, willfully and corruptly destroy the corner tree, stone, stake or other line or landmark of another's land, shall be imprisoned, etc." where there is a substantial controversy as to the location and identity of the tree, or monument destroyed, even where there is sufficient proof to warrant the jury in finding that the location and monument contended for by the prosecution were the true ones and that the monument was removed by the defendant. (Post, p. 486.)

Citing: Secs. 6496 and 6503, Shannon's Code; Carden v. State, MSS., Knoxville, 1925; Goforth v. State, 27 Tenn. (8 Hump.), 37; State v. Smith, 119 Tenn. (11 Cates), 521.

## 2. CRIMINAL LAW. DESTROYING LANDMARK. ELEMENTS OF THE OFFENSE. APPLICATION OF STATUTE.

On the trial of an indictment returned under our statute which denounces the destruction of a landmark of another, the question is not alone whether the tree cut was a corner tree, nor who in fact owned the land on which it stood, but it must be established that the defendant acted "unlawfully, knowingly, wilfully and corruptly," and the statute has no proper application to conduct based merely on ignorant or mistaken claims or conceptions. (Post, p. 489.)

Citing: State v. Smith, 119 Tenn. (11 Cates), 521.

3. **BOUNDARY RIGHTS. CIVIL COURTS. CRIMINAL COURTS.**
Since the civil courts provide ample remedies for the protection of boundary rights which are in dispute, the resort to criminal prosecutions in cases involving such rights are not favored, and good faith differences, however ill advised and unsupported in law or fact, are not proper subjects for the criminal forum. (Post, p. 489.)

*Corpus Juris-Cyc References: Boundaries, 9 C. J., section 363, p. 297, n. 90.

---

### FROM UNION.

---

Appeal from the Circuit Court of Union County.—HON. JAMES L. DRINNON, Judge.

E. M. SMITH and BEN R. WINICK, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

*(1)* This appeal is from a conviction and prison sentence of two years, under section 6503 of Shannon's Code providing that, "whoever shall unlawfully, knowingly, willfully, and corruptly destroy the corner tree, stone, stake, or other land or linemark of another's land, shall be imprisoned in the penitentiary not less than two nor more than five years."

The weight of the evidence appears to sustain the charge that the defendant below removed a certain stump, or a stone substituted therefor, one or both, which had been regarded by the prosecutor, and by others introduced by him as witnesses, as a corner marking a bound-

ary between his lands and those of this defendant, although the time of the removal, whether or not within three years of the indictment, is left in some doubt. But if the fact of this removal and his participation therein be conceded, it is apparent that the location had long been in dispute, as well as whether this particular stump, or tree, was the corner stump or tree which marked the boundary, or another of like description located nearby, as contended by the defendant.

The record indicates that much feeling had existed between the interested parties touching this dispute, extending over some years, resulting in a sort of neighborhood feud. It is, we think, apparent that the jury reached the conclusion, as they might well have done, that the weight of proof established both that the location and stump contended for by the prosecutor were the true ones, and that the stump had been removed by or at the instance of the defendant, and thereupon rendered its verdict of guilty. But granting that there is in this record no preponderance against such finding on these issues, is a case for conviction under the statute invoked made out?

In the unreported case of *Carden* v. *The State,* from Anderson County, decided at Knoxville, December, 1925, this court considered facts quite similar to those now presented, and construing this highly penal section of the Code, reversed a judgment of conviction. We quote therefrom as follows:

"Enough had been said to indicate that here was a substantial controversy. Conceding that the State has shown the better title, that this was in fact a corner tree in the boundary of prosecutor's land and not substantially east and south of said corner, is a case under this statute made out by a preponderance of the testimony? We think not.

"The like offense of destroying a boundary fence (Shannon's Code, 6496, sub.-sec. 10) is not made out unless it be proven that the fence was destroyed with an unlawful, wilful and malicious intent to injure the owner, and not if it appear that the accused was acting under a belief of ownership, or right of occupancy and use. See *Goforth* v. *State*, 8 Hump., 37, and unreported case of *Belk* v. *State*, Knoxville, October, 1924, from McMinn.

"In *State* v. *Smith*, 119 Tenn., 521, Mr. Justice NEIL construed the Act of 1897 making it a felony to 'knowingly, wilfully and maliciously cut or remove, for the purpose of marketing the same, timber from the lands of another,' and says, that this Court construes the word 'knowingly' as being 'that state of mind wherein the person charged was in possession of facts under which he was aware that he could not lawfully do the act whereof he was charged; knowledge of the law being necessarily imputed to him, as in all criminal cases—but not, of course, of the essential facts. 'Maliciously,' which is the equivalent of the words 'maliciously' and 'corruptly' in the statute now before us, 'is used in the broad legal sense of criminal intention, or that state of mind of a person who does a wrongful act intentionally, or wilfully, and without legal justification or excuse.' He says, further, that the three terms, 'knowingly, wilfully and maliciously' —which have substantially the same meaning as the terms 'unlawfully, knowingly, wilfully and corruptly' found in Code Section 6503, must be construed together and that when 'taken together contemplate a case wherein a man acts advisedly, intentionally and with criminal intent.' He construes the word 'feloniously' to be equivalent to 'maliciously' as we conceive the words 'unlawfully and corruptly' to be.

*(2)* "The question is not alone whether the tree cut was a corner tree, nor who in fact owned the land on which it stood. It must be established that the defendant acted *'unlawfully, knowingly, wilfully* and *corruptly.'* This is inconsistent, of course, with any good faith belief on his part that the tree was not the corner tree of prosecutor's land. This statute has no proper application to conduct based merely on ignorant or mistaken claims or conceptions. Determination of title is not conclusive under it. The question is, did this old man act 'unlawfully, knowingly, wilfully and corruptly.' Is there no good ground to conclude that he honestly believed that he was within his rights—that by virtue of his purchase and the facts indicated this tree was not on the boundary corner, but on his own and not 'another's lands'? . . . There is much to be said in support of the defendant's theory that this tree was clearly within his boundaries and on his property. But certainly we are not satisfied that the preponderance of the evidence establishes that he acted otherwise than under an honest belief in his claims."

*(3)* The reasoning and conclusions thus announced have application to the instant case, with the result that this conviction cannot stand. The civil courts provide ample remedies for the protection of boundary rights which are in dispute, and resort to criminal prosecutions in such cases are not favored. Good faith differences, however ill advised and unsupported in law or fact the several claims may be, are not proper subjects for the criminal forum.

It becomes unnecessary to consider assignments of error based on the refusal of the trial judge to grant a

new trial because of newly discovered evidence, or alleged misconduct of the jury in improperly giving consideration to the failure of the defendant below to testify. For the reasons hereinbefore stated and following *Carden* v. *State, supra,* the judgment is reversed.