IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE



**FILED**

**February 9, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

DENVER JOE McMATH, SR., )
)
        Appellant, ) No. 03C01-9712-CR-00525
)
) Hamilton County
v. )
) Honorable Douglas A Meyer, Judge
)
STATE OF TENNESSEE, ) (Post-Conviction)
)
        Appellee. )


For the Appellant:            For the Appellee:

Barton C. Solomon          John Knox Walkup
100 E. Tenth Street, Suite 401   Attorney General of Tennessee
Chattanooga, TN 37402         and
                       Todd R. Kelley
                       Assistant Attorney General of Tennessee
                       450 James Robertson Parkway
                       Nashville, TN 37243-0493

                       William H. Cox, III
                       District Attorney General
                       600 Market Street
                       Chattanooga, TN 37402


OPINION FILED:_____


AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner appeals from the order of the Hamilton County Criminal Court dismissing his "Petition for Post-Conviction Relief or in the Alternative Motion to Reopen Post-Conviction Petition." He contends that his 1975 conviction for third degree burglary and resulting life sentence as an habitual criminal are void because the indictment fails to allege the requisite mens rea that he acted either "intentionally, knowingly or recklessly." We affirm the dismissal.

The trial court denied the petitioner relief on the basis that the indictment was sufficient under the law that existed at the time of the defendant's conviction. We agree. The petitioner argues in his petition that the allegations that he "did unlawfully, feloniously and burglariously break and enter into a business house" contain no allegation of the requisite mental state element for burglary. However, the word "feloniously" has historically meant "proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime." Black's Law Dictionary, 617 (6th ed. 1990). As our supreme court has previously noted, "one meaning attached to the word is: 'In a legal sense, done with intent to commit a crime.'" State v. Smith, 119 Tenn. 521, 105 S.W. 68, 70 (1907). Thus, the mental state inherent in the word "feloniously" is sufficient for the petitioner's burglary charge.

However, a recurrent circumstance has arisen after the enactment of the 1995 Post-Conviction Procedure Act and exists in the present case. It relates to incorrect treatment of the petitioner's pleading as a petition for post-conviction relief that entitles him to certain procedural protections under the 1995 Act and to an appeal as of right.

2

The petitioner's 1975 third degree burglary conviction was affirmed on appeal. McMath v. State, 544 S.W.2d 902 (Tenn. Crim. App. 1976). The petitioner has previously sought post-conviction relief from this conviction. See Denver Joe McMath v. State, No. 578, Hamilton County (Tenn. Crim. App. Nov. 28, 1977), cert. denied (Tenn. Feb. 6, 1978); State v. Denver Joe McMath, No. 882, Hamilton County (Tenn. Crim. App. Oct. 24, 1984).

Under the 1995 Act, a second petition for post-conviction relief shall be summarily dismissed if the prior petition was resolved on the merits by a court of competent jurisdiction. T.C.A. § 40-30-202(c). As previously noted, such is the case with the petitioner and his burglary conviction. Thus, the only avenue that was available to the petitioner was a motion to reopen a prior post-conviction petition pursuant to T.C.A. § 40-30-217. In this respect, the petitioner's designation of his pleading as a "Petition for Post-Conviction Relief or in the Alternative Motion to Reopen Post-Conviction Petition" is inappropriate under the 1995 Act because the existence of a prior post-conviction case resolved on the merits limits a petitioner subsequently to only a motion to reopen. This means that the petitioner was limited to the grounds provided in T.C.A. § 40-30-217(a) and could only seek permission to appeal to this court within ten days of the denial of the motion. See T.C.A. § 40-30-217(c).

However, the trial court treated the petitioner's pleading as a post-conviction petition, and its order denying relief stated that the petitioner had thirty days to perfect an appeal. Providing an incorrect time period may be fatal because we have no authority to ignore the statutory limit of ten days for filing an application seeking permission to appeal a denial of a motion to reopen.

When faced with an alternative pleading that purports to be either a petition or a motion to reopen, the trial court must first establish if there has been a

3

previous petition for post-conviction relief filed regarding that conviction and resolution on the merits.  If there has been, the trial court may only review the pleading under the standards and requirements provided for motions to reopen.  It may not treat it as a full petition for post-conviction relief.  In the present case, the pleading does not meet the standards contained in T.C.A. § 40-30-217(a) for a motion to reopen, and the petitioner is not entitled to have his prior post-conviction petition reopened.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Gary R. Wade, Presiding Judge


_____
Norma McGee Ogle, Judge

4