**WAINER et al. v. UNITED STATES.***

No. 5708.

Circuit Court of Appeals, Seventh Circuit.
March 20, 1936.

Rehearing Denied April 17, 1936.

*Writ of certiorari granted 56 S. Ct. 956, 80 L. Ed. ——.

306

John E. Dougherty, of Peoria, Ill., G. F. Clifford, of Green Bay, Wis., and Thomas E. Leahy, of Milwaukee, Wis., for appellants.

B. J. Husting, U. S. Atty., and E. J. Koelzer, Asst. U. S. Atty., both of Milwaukee, Wis.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

This is an appeal from conviction upon an indictment in four counts, the first charging a conspiracy to commit offenses against the United States, i. e., violations of the internal revenue laws, by possessing stills not registered according to law, by engaging in the business of distiller, rectifier, and wholesale liquor dealer without complying with the law in filing bonds, obtaining permits and paying taxes, and by violating the revenue laws in other particulars. The second count charged appellants with unlawfully carrying on the business of a wholesale liquor dealer without paying the tax required by law; the third with concealing and aiding in the concealment of alcohol on which tax had not been paid; and the fourth with removing or transporting alcohol upon which the tax had not been paid.

Appellants assign error upon the action of the court in overruling as insufficient in law, a special plea to the jurisdiction, in admitting in evidence the statement of another defendant on trial, in admitting certain records in civil actions, in denying a motion for a bill of particulars, and in refusing to charge the jury in accordance with certain suggestions.

■ The special plea was one of former jeopardy, and alleged that appellants had been prosecuted upon an indictment returned in May, 1932, in the United States District Court for the Eastern District of Wisconsin, charging certain defendants together with certain other persons with conspiracy to violate the prohibition law by manufacturing, selling, transporting, and possessing liquor contrary to law. The certified copy of the indictment attached to the plea showed that it was returned in the Western District of Wisconsin at the December term, 1931, in the city of Madison. The trial court held the plea insufficient as a matter of law. This action must be sustained. Under Burton v. United States, 202 U.S. 344, 381, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362, the plea was defective in that it did not aver that there had been a trial in a court having jurisdiction of the parties and of the subject-matter. Unless such averment is included, such a plea is insufficient.

■ Further, however, we are of the opinion that there was no showing of identity of offenses, notwithstanding the provisions of the Willis-Campbell Law (42 Stat. 222). The record does not support a finding that the two conspiracies were identical. Rather, in the present case, it appears clearly that much of the evidence upon which appellants were convicted came into existence after the return of the prior indictment, and that many transactions have occurred, subsequent to the return of the prior indictment, sufficient to support the verdict of a jury as to the guilt of the appellants upon the new indictment. It cannot be said that, because appellants were convicted of a conspiracy to violate the prohibition law, on an indictment returned in 1932, the government may not prosecute them upon a charge of conspiracy to violate the internal revenue laws, grounded largely upon events occurring long after the return of the first indictment. The plea, therefore, was defective in failing to show that the offenses were the same in law and in fact. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L. Ed. 1057, 6 Ann.Cas. 362; Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489; Beddow v. United States (C.C.A.) 70 F.(2d) 674.

■ The court admitted in evidence a statement signed by defendant Tessen made on May 4, 1934, the date the indictment herein was returned. The appellants, according to the record, "excepted to the receiving in evidence of the statement." The court ruled that the statement was admissible as one made by a defendant, and that it was received as such, and stated that, as to the defendants other than the one making the statement, it was received "subject to an appropriate instruction with respect to the same." The trial lasted several days, and in its final charge the court omitted any further reference to the limited character in which the document should be considered. But appellants made no request to the court to include this spe-

cific charge, suggested none such, and preserved no exception to the failure of the court to advise the jury as to the limited manner in which they should consider the statement. The document was an admission of guilt by the particular defendant who made it. It was clearly admissible in evidence against him, and to have excluded the same would have been error upon the part of the District Court. True, the statement was not to be considered so far as the other defendants were concerned, unless it was made in furtherance of the conspiracy and before the termination of the same. This fact the court recognized when admitting the statement, but appellants may not neglect their opportunity to request a specific charge as to the effect of any particular evidence and then profit by said neglect when the court can no longer comply with the request. Having neither excepted to the failure of the court to give a specific charge nor having offered or requested any such charge, the court cannot be charged with error. The fault lies with appellants themselves. Vachuda v. United States (C.C.A.) 21 F. (2d) 409; Schultz v. United States (C.C. A.) 200 F. 234; Hughes v. United States (C.C.A.) 231 F. 50 and Hallowell v. United States (C.C.A.) 253 F. 865.

Furthermore, it is to be observed that the court, of its own motion, charged that acts or statements of individual defendants "are not to be considered by you as affecting any other defendant, unless you find from the evidence the existence of such conspiracy, that such other defendant was a member thereof and that the acts were done and the declarations made in pursuance of the common purpose set out in the indictment and to effectuate the same."

On the day of the trial, without previous notice, appellants presented to the court their motion for a bill of particulars, in which they requested that the government should advise them when each and every defendant became a part of the conspiracy, the specific act and date, and date and place of the last act of each defendant in connection with the conspiracy and what part each of the defendants had in the offenses charged.

First of all, the motion for bill of particulars, should have been presented diligently, before trial, and the court was justified in its discretion in denying the motion upon that ground irrespective of all others. Barnard v. United States (C.C.A.) 16 F.(2d) 451.

In addition, however, the information requested was of such character as to disclose the unreasonableness of the request, and the court was justified in exercising its discretion to deny the motion because of that fact. Such an application is always submitted to the sound discretion of the court, and, there having been no abuse, the action should not be disturbed. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Knauer v. United States (C.C.A.) 237 F. 8.

Appellants complain of the refusal to give a requested instruction to the effect that as to the offense charged in count 2, if any of the defendants were merely employed by one who did carry on the business of distiller, as a servant and employee and not as owner, they could not be found guilty of carrying on such business. This offense was based upon section 193 of title 26 of U.S.C.A. (now 26 U.S. C.A. § 1397(a)(1), which provides for the punishment of one "who shall carry on the business of a rectifier, wholesale liquor dealer * * * without having paid the special tax." Section 550, title 18, of the U.S.C.A., provides that "whoever directly commits any act constituting an offense defined in any law of the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal."

Obviously a servant will aid and abet another in the carrying on of such business and become a principal if, with knowledge of the business, its purpose and its effect, he consciously contributes his efforts to its conduct and promotion, however slight his contribution may be. Thus the court could not have followed the law and given the charge requested. Mayer v. U. S. (C.C.A.) 259 F. 216.

Appellants requested the court to charge the jury that the testimony of accomplices should be received with caution and scrutinized carefully. The court refused so to do, and error is assigned. Had the court not included in its charge full discussion of the subject-matter and principles relating to credibility and weight of evidence, the refusal would have been erroneous. But the court had said to the jury that some of the testimony introduced had come from persons who were themselves guilty of illegal acts, and they had admitted upon the stand their wrongdoing.

It was explained to the jury that such testimony was received for the purpose of showing through such witnesses the character of the persons charged with situations wherein these guilty persons committed their acts. He advised the jury that the fact that they were self-convicted of their wrongdoing and the fact that they may have been accomplices in the doing of the things that are charged in the indictment against the defendants were to be considered as bearing upon their credibility. He advised the jury that the fact that a witness is an accomplice and confesses his participation in the wrongful act does not destroy his right to attempt to tell the truth, but that his testimony should be approached open-mindedly, and the weight to be given thereto determined from careful consideration. The court, in framing a charge upon the elements bearing upon credibility of witnesses, is not to be bound to a hard and fast formula as to each and every phase of his charge. It is its duty to explain to the jury that they are the judges of the credibility of the witnesses, as the court here indicated, and to charge them that each and every circumstance appearing in evidence, bearing upon the credibility of any witness, is to be considered in connection with the testimony of that witness in order that the jury may come to a fair determination as to what weight shall be given to the testimony. This the trial court did. In Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168, the trial court refused a similar ·instruction, and the Supreme Court approved the action; the subject-matter having been covered in the general charge. There is no requirement that any specifically framed charge be given, if the general charge includes fair, comprehensive instructions upon the subject-matter involved. Ruby v. United States (C.C.A.) 61 F.(2d) 617; United States v. Woods (C.C. A.) 66 F.(2d) 262; United States v. Becker (C.C.A.) 62 F.(2d) 1007.

Appellants complain also because the court refused to give, in the specific language requested, a charge to the effect that, if any defendant abandoned the conspiracy more than three years prior to the return of the indictment, he should be found not guilty. The court advised the jury that the conspiracy must have been in existence within three years prior to May, 1934, and that a defendant, to be guilty, must have been engaged in the conspiracy within that period before there could be any conviction. He told the jury explicitly that proof that any particular defendant consciously, understandingly, and with knowledge participated in an act to be accomplished by the conspiracy, and did so with the consciousness that he was participating in the furtherance of the common design, was essential to a conviction. The inevitable meaning of his charge upon this subject-matter was that, before a defendant could be convicted, the proof must show that he was consciously engaged in the conspiracy charged within three years prior to the return of the indictment. Under the authorities previously quoted, there was no error in refusing the additional charge requested.

The court admitted the records of two civil actions against certain of the appellants, in corroboration of certain testimony. These records were relevant only upon the question of whether certain defendants were liable civilly for injuries to certain premises either as lessees thereof or otherwise. In our opinion, it is not necessary to determine whether this evidence was properly admitted, for the reason that all the facts disclosed by the admitted records had been shown in evidence by testimony of various witnesses prior to the admission of the exhibits. None of this testimony was objected to. It was in all its substantial parts uncontradicted. The admission of the records added nothing thereto, and in no wise prejudiced appellants. We cannot consider abstract questions of law. We are to determine only whether prejudice has resulted from erroneous admission of testimony. This is a practical question, and, where other and similar uncontradicted evidence is received without objection, no prejudice can exist. Williams v. U. S. (C.C.A.) 265 F. 625.

Various other criticisms of the court's charge are made, and appellants attack the sufficiency of the indictment. No exceptions were preserved in any of the respects now suggested, nor was there any demurrer to the indictment or motion to quash. However, we have examined the record to ascertain whether any prejudice has resulted to appellants in any of the respects suggested by counsel. We find none.

Accordingly the judgment is affirmed.