WAINER ET AL. *v.* UNITED STATES.

No. 51. Argued October 12, 1936.—Decided November 9, 1936.

*Mr. John E. Dougherty,* with whom *Messrs. Harry C. Heyl* and *Irwin S. Rubelle* were on the brief, for petitioners.

*Mr. Gordon Dean* argued the cause, and *Solicitor General Reed, Assistant Attorney General McMahon,* and *Mr. Mahlon D. Kiefer* filed a brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioners were convicted and sentenced in the District Court under an indictment, the second count of which charged them with conducting the business of wholesale liquor dealers without having paid the special tax imposed by the federal revenue laws. The judgment was affirmed by the Circuit Court of Appeals.[1] Certiorari was granted limited to the question whether the statute

---

[1] 82 F. (2d) 305.

upon which the second count of the indictment was based was repealed by the National Prohibition Act[2] and has not been reënacted.

Many of the existing revenue acts imposing taxes in respect of manufacture and sale of intoxicating liquors were superseded by the National Prohibition Act.[3] The effect of § 5 of the Willis-Campbell Act[4] was to reënact all such laws in existence when national prohibition became effective, save such as were in direct conflict with any provision of the National Prohibition Act or the Willis-Campbell Act.[5] The statutes taxing the business of conducting a wholesale liquor business and imposing the penalties for so doing without the payment of the tax[6] were not in direct conflict with the prohibition act and were, therefore, reënacted.[7] The difficulty of paying the excise upon the privilege of carrying on a business which is prohibited does not preclude the prescription of sanctions for non-payment.[8] Petitioners insist it is a contradiction in terms to say the laws of the United States at the same time prohibit and license an occupation. The contention is based on misconception of the nature of the exaction. The United States has not licensed the liquor business but, as is clearly within its power, has laid an

---

[2] Act of October 28, 1919, c. 85, 41 Stat. 305, U. S. C. Tit. 27, *passim*.

[3] *United States* v. *Yuginovich*, 256 U. S. 450.

[4] Nov. 23, 1921, c. 134, 42 Stat. 222, U. S. C. Tit. 27, § 3.

[5] *United States* v. *Stafoff*, 260 U. S. 477.

[6] R. S. 3242; U. S. C. Tit. 26, § 1397.

[7] *United States* v. *Remus*, 260 U. S. 477, 479, 480. The decision to the contrary by the Circuit Court of Appeals for the Fifth Circuit in *Bailey* v. *United States*, 5 F. (2d) 437, was not followed by the same court in the later case of *Anderson* v. *United States*, 30 F. (2d) 485.

[8] *United States* v. *One Ford Coupe*, 272 U. S. 321, 327.

excise upon the doing of the business whether lawfully or unlawfully conducted.[9]

The judgment is

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.

---

[9] *United States* v. *Constantine,* 296 U. S. 287, 293.