## KERSTEN v. UNITED STATES.
### No. 3485.

Circuit Court of Appeals, Tenth Circuit.
May 6, 1947.
**Writ of Certiorari Denied June 16, 1947.**
See 67 S.Ct. 1744.

Ralph Carr, of Denver, Colo. (Wilbur E. Rocchio and Fred M. Mazzulla, both of Denver, Colo., on the brief), for appellant.

Max D. Melville, Regional Enforcement Executive, Office of Temporary Controls of Denver, Colo. (Thomas J. Morrissey, U. S. Atty., and Joseph N. Lilly, Asst. U. S. Atty., both of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

Kersten was tried on counts 1, 7, 9, 13, and 20 of an information. He was convicted on counts 1, 9, and 20, and acquitted on the other two counts. Counts 1 and 9 charged that Kersten sold a used automobile at a price in excess of the price fixed by Maximum Price Regulation 540, as amended. Count 20 charged that he sold a used automobile at a price in excess of the price fixed by Maximum Price Regulation 594, as amended. The sale charged in count 1 occurred on June 21, 1946. The sales charged in counts 9 and 20 occurred on August 10 and August 12, 1946, respectively.

Although the Emergency Price Control Act of 1942 [1] expired by its terms on June 30, 1946, it remained in force, after that date, for the purpose of sustaining any proper suit, action, or prosecution, with respect to any offense committed, or any

---

[1] 50 U.S.C.A.Appendix, § 901 et seq.

right or liability incurred prior to that date, by virtue of the saving clause in § 1(b)[2] of such Act. Such saving clause embraced prosecutions commenced after June 30, 1946, for offenses committed before that date.[3]

Rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, in part provides: "The indictment or information shall state for each count the * * * citation of the statute, rule, regulation * * * which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground * * * for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

The caption of the information read: "Selling used passenger automobiles * * * in violation of Emergency Price Control Act of 1942, as amended, and Stabilization Act of 1942, as amended by the Stabilization Extension Act of 1944, and Maximum Price Regulation No. 540, as amended. (MPR 594, as amended.)"

Count 9 charged:

"That on or about the 10th day of August, 1946, * * * Charles A. Kersten, unlawfully sold to Josie Mast a used 1941 Chrysler * * * automobile, * * * for the sum of One Thousand Five Hundred Eighty Dollars ($1580). That at all times herein mentioned, the ceiling price on said used 1941 Chrysler, * * * automobile, * *. * as fixed by Maximum Price Regulation 540, as amended, was One Thousand Three Hundred Fifty-two Dollars ($1352).

"Said sale as above alleged was in violation of Article I, Paragraph 2(a) (1) of Maximum Price Regulation 540, as amended."

Count 20 charged:

"That on or about the 12th day of August, 1946, * * * Charles A. Kersten, unlawfully sold to Arthur A. Kemper a used 1946 Chevrolet, * * * for the sum of Twenty-four Hundred Fifty Dollars ($2450). That at all times herein mentioned the lawful maximum ceiling price on said used 1946 Chevrolet, * * * as fixed by Maximum Price Regulation 594, as amended, could not have exceeded the sum of Fifteen Hundred Dollars ($1500).

"Said sale above alleged was in violation of Amendment No. 1 of Revised Order No. 18 of Maximum Price Regulation 594, as amended."

Counsel for Kersten contend that counts 9 and 20 charged violations of the Emergency Price Control Act of 1942, which had expired before the dates the alleged offenses were charged to have been committed.

By the Price Control Extension Act of 1946,[4] the Emergency Price Control Act of 1942 was extended to June 30, 1947.[5]

Congress may revive or extend an act by any form of words which makes clear its intention so to do.[6]

---

[2] 50 U.S.C.A.Appendix, § 901(b).

[3] United States v. Palletz, 67 S.Ct. 1095; United States v. Kromer, 67 S.Ct. 1095; Great Northern Ry. Co. v. United States, 208 U.S. 452, 464, 465, 28 S.Ct. 313, 52 L.Ed. 567; United States v. Reisinger, 128 U.S. 398, 401, 9 S.Ct. 99.

[4] Public Law 548, approved July 25, 1946.

[5] Section 1 of the Price Control Extension Act of 1946 in part reads:

"That section 1(b) of the Emergency Price Control Act of 1942, as amended, is amended by striking out 'June 30, 1946' and substituting 'June 30, 1947'."

Section 18 of such Act in part reads: "(1) The provisions of this Act shall take effect as of June 30, 1946, and (2) all regulations, orders, price schedules, and requirements under the Emergency Price Control Act of 1942, as amended, * * * and the Stabilization Act of 1942, as amended, which were in effect on June 30, 1946, shall be in effect in the same manner and to the same extent as if this Act had been enacted on June 30, 1946, * * *: *Provided further*, That no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, or of any regulation, order, price schedule, or requirement under either of such Acts: * * *." 50 U.S.C.A.Appendix, § 901a note.

[6] Crocker v. Crane, 21 Wend., N.Y., 211, 217, 34 Am.Dec. 228; United States v. Stafoff, 260 U.S. 477, 480, 43 S.Ct. 197, 67 L.Ed. 358; United States v.

The language of §§ 1 and 18 of the Price Control Extension Act of 1946 is plain. There can be no doubt that Congress intended the penal provisions of the Emergency Price Control Act of 1942 to be extended and to remain in force, except as to an act, omission, or failure to act occurring between June 30, 1946, and July 25, 1946.

By § 18, supra, Maximum Price Regulations 540 and 594, as amended, were put into effect retroactively from June 30, 1946, except as to violations occurring between June 30, 1946, and July 25, 1946.[7]

Section 4 [8] of the Emergency Price Control of Act of 1942 made it unlawful for any person to sell or deliver any commodity in violation of any regulation promulgated under § 2 [9] of such Act. Since § 4 was continued in force by the Price Control Extension Act, it follows that a violation of Regulations 540 and 594 in August, 1946, constituted a violation of § 4.

It is true, the caption and body of the information do not refer to the Price Control Extension Act. But, the facts alleged clearly charged a violation of § 4, as extended, and the failure to cite the Price Control Extension Act could not have misled Kersten to his prejudice.

Kersten filed a motion to transfer the proceedings to another district under Rule 21(a) of the Federal Rules of Criminal Procedure. He attached to the motion, copies of news items appearing in the Denver Post and the Rocky Mountain News, newspapers of general circulation throughout the District of Colorado, and copies of newscasts from Denver radio stations whose broadcasts reach all parts of the District of Colorado. Certain of the news items and newscasts contained what were asserted to be statements of enforcement officials of the local Office of Price Administration, purporting to state the facts with respect to the charges against Kersten. Such statements are not to be commended. The motion was verified, and averred that the news items and newscasts had created such a prejudice against Kersten in the District of Colorado that it would be impossible for him to have a fair and impartial trial by a jury drawn from such District. It was also supported by affidavits. The United States introduced counter affidavits. The trial court denied the motion. A motion for a change of venue is addressed to the sound discretion of the trial court and, in the absence of an abuse of discretion, the denial of the application is not error.[10] On the record here presented, we cannot say that the trial court abused its discretion in denying the application.

The judgment is affirmed.

Powers, 307 U.S. 214, 215-217, 59 S.Ct. 805, 83 L.Ed. 1245; Porter v. Shibe, 10 Cir., 158 F.2d 68, 70, 71; Di Melia v. Bowles, 1 Cir., 148 F.2d 725, 727.

Cf. State of Maryland v. Soper, 270 U.S. 9, 31, 46 S.Ct. 185, 70 L.Ed. 449; Wainer v. United States, 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58; United States v. One Ford Automobile, 272 U.S. 321, 327, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L.R. 1025.

[7] Porter v. Shibe, 10 Cir., 158 F.2d 68, 70, 71.

Cf. Fleming v. Rhodes, 67 S.Ct. 1140.

[8] 50 U.S.C.A.Appendix, § 904.

[9] 50 U.S.C.A.Appendix, § 902.

[10] Stroud v. United States, 251 U.S. 15, 18-20, 40 S.Ct. 50, 64 L.Ed. 103; United States v. Beadon, 2 Cir., 49 F.2d 164, 166; Younge v. United States, 4 Cir., 242 F. 788, 792.