## LE PRELL v. UNITED STATES.

### No. 13335.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1951.

John W. Muskoff, Jacksonville, Fla., for appellant.

H. S. Phillips, U. S. Atty., Tampa, Fla., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

PER CURIAM.

Appellant and his wife, Mary LePrell, were indicted for possessing five gallons of distilled spirits. He was convicted, his wife was acquitted, and he has appealed.

The transcript shows no motion for acquittal, no objections or exceptions of any kind. On page 4 of his brief, however, appellant puts forward two specifications of error. The first charges in effect that it was prejudicial error to deny appellant's motion that the jury be given an opportunity to view the premises on which the spirits were found. The other specification of error reads as follows: "The verdict of the jury is so inconsistent that it cannot stand".

It is quite plain that nothing of substance is presented for our review. It is well settled that the granting or refusal of a motion for a view of the premises is within the discretion of the trial judge and reviewable only for abuse.[1] No showing whatever is made in the record that this discretion was abused. All of the matters which the jury could have seen by viewing the premises were fully testified to, and nothing is made to appear which takes, or could take, the ruling out of the realm of discretion.

The second specification of error is completely insufficient on its face, and if, as the brief appears to indicate, it is intended to be an attack upon the verdict because the verdict acquitted the wife and convicted the husband, this will not help appellant. It is a fundamental principle of law, settled by the decisions of this court and of the Supreme Court as well, that an appellate court will not reverse for a seeming inconsistency in the verdict.[2]

The judgment is affirmed.

---

1. Neufield v. U. S., 73 App.D.C. 174, 118 F.2d 375; Hodge v. U. S., 75 U.S.App. D.C. 332, 126 F.2d 849.

2. U. S. v. Antonelli Fireworks Co., 2 Cir., 155 F.2d 631; Dunn v. U. S., 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356; U. S. v. Dotterweich, 320 U.S. 277, 64 S.Ct. 134, 88 L.Ed. 48; Mogoll v. U. S., 5 Cir., 158 F.2d 792; Horne v. U. S., 5 Cir., 193 F. 2d 175.