## UNITED STATES v. PAGANO.
### No. 47, Docket 22724.

United States Court of Appeals
Second Circuit.

Argued Nov. 5, 1953.

Decided Nov. 19, 1953.

Samuel Bonom, New York City, for appellant; Meyer Kraushaar, New York City, of counsel.

J. Edward Lumbard, U. S. Atty., Washington, D. C., for appellee; Leonard B. Sand, Asst. U. S. Atty., New York City, of counsel.

Before CHASE, Chief Judge, CLARK, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

The appellant was convicted by a jury after trial on an indictment charging the sale of heroin in violation of Title 21 U.S.C.A. §§ 173–174. He was admittedly a second offender; was sentenced to imprisonment as such; and has since been serving that sentence, a small fine having been imposed and remitted.

The denial of appellant's motion for a jury view of the premises, where, according to the testimony of a narcotics agent the purchaser of the heroin handed money in payment for it to the appellant was without error. It was a matter of discretion reviewable only for abuse of that. Le Prell v. United States, 5 Cir., 192 F.2d 132; Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375; Massenberg v. United States, 4 Cir., 19 F.2d 62. Here no abuse was shown. The conditions about which the witness testified were well enough shown by photographs of the premises to enable the jury to determine whether he was in a position to have seen money passed from where he said he did.

Dean who made the purchase was acting as a decoy and was shown to have been a dope addict with a criminal record. His testimony was an essential part of the government's case and the court was requested to charge that it "should be examined with much greater scrutiny than that of an ordinary witness." The court did not use that language but charged the jury that his interest and criminal record should be taken into consideration in passing upon his credibility and in giving his evidence "such weight as you think it deserves." Though it might often serve a good purpose to caution a jury to give "greater scrutiny" to testimony of such a witness cautionary language may otherwise be adequate. Caminetti v. United States, 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442; United States v. Becker, 2 Cir., 62 F.2d 1007, 1009; Wainer v. United States, 7 Cir., 82 F.2d 305, affirmed 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58. Here it was. Nor was the refusal to charge as to "entrapment" erroneous. The defense was a denial that the respondent had sold any heroin at all not that he had been entrapped into making a sale. And of course the appellant was not entitled to a charge that the testimony of the narcotics agent was incredible as a matter of law.

Judgment affirmed.