Ardena BEACHAM, Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12179.

Criminal Court of Appeals of Oklahoma.

Oct. 19, 1955.

398

W. H. Cooper, Anadarko, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Presiding Judge.

The defendant, Ardena Beacham, was charged by an information filed in the County Court of Caddo County with the unlawful possession of whiskey, was tried, found guilty by verdict of the jury who left the punishment to be fixed by the trial court; thereafter the defendant was sentenced to serve 30 days in the county jail and to pay a fine of $150 and has appealed.

Two assignments of error are presented on the appeal: 1. The court erred in overruling the motion to suppress evidence. 2. The court erred in refusing to give defendant's requested instruction. The motion to suppress evidence was based upon the contention of the accused "that the place searched was the home of Lucille Bumgarner and that the intoxicants found by reason of said search and seizure did not belong to the defendant, and that she had no right, title or interest in and to said intoxicants; that the home belonged to Lucille Bumgarner, all household goods and fixtures belonged to the said Lucille Bumgarner, and said defendant had no right, title or interest therein."

It is established law in a long line of decisions that the right to object to a search and seizure is personal to the own-er of the property sought to be searched and one may not object to the search of property over which he has no right, title or interest or claim of interest. Stephens v. State, Okl.Cr., 285 P.2d 467; Kizer v. State, 96 Okl.Cr. 92, 249 P.2d 132.

The defendant testified at the trial that her mother's name was Lucille Bumgarner and that the mother became ill while the accused was living near the town of Sulphur and that accused came to her mother's home in Anadarko to care for her mother; that her mother has been in the whiskey business for over 20 years. That while her mother was ill customers would call at the home for whiskey and the defendant would sell the whiskey to them, but that she was merely acting as the agent for her mother. On cross-examination she admitted that she had plead guilty in the city court at Anadarko to the unlawful possession of whiskey and had been assessed a fine which was suspended. At the conclusion of the trial, defendant requested the following instruction:

"Gentlemen of the Jury, you are further instructed that certain evidence has been introduced to the effect that the defendant was acting only as agent of Lucille Bumgarner, and that the whiskey was in the possession of the said Lucille Bumgarner.

"If you find and believe from the evidence that the defendant was acting as the agent of Lucille Bumgarner and that the whiskey in question was under the control and in the possession of the said Lucille Bumgarner then, and in that event, the defendant would not be guilty of possession of whiskey and if you so find, you should find defendant not guilty."

The theory of principal and agent does not apply to criminal cases, it being provided by statute, 21 O.S.1951 § 172:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

In the case of Medlock v. State, 66 Okl. Cr. 27, 89 P.2d 377, this court held:

"The law of agency, as applied in civil cases, has no application in criminal cases, and no man can escape punishment when he participates in the commission of a crime upon the ground that he simply acted as agent for any party."

The proof of the State showed that certain officers armed with a search warrant went to the residence where the accused was living and found in one of the rooms of the dwelling house concealed under a trap door several pints of whiskey. At the time of the raid the accused told the officers the whiskey was hers. The jury was specifically instructed that before they could convict accused they must find that she had the custody and control of the whiskey. The evidence was sufficient to sustain the conviction and we have found no reversible error. The judgment and sentence of the County Court of Caddo County is affirmed.

BRETT and POWELL, JJ., concur.