Opinion by
Mr. Justice McWilliams.
By direct information Cowman was charged with the *121 so-called aggravated robbery of a Colorado Springs motel proprietor, and in a separate count he was charged with conspiring to commit this robbery. To these charges Cowman pled not guilty and not guilty by reason of insanity. Upon trial a jury found Cowman to be sane and at the same time adjudged him guilty of both aggravated robbery and conspiracy. Thereafter Cowman was duly sentenced for the conviction of robbery to a term of from fifty to sixty years in the State Penitentiary and for the conspiracy conviction he was sentenced to an additional term of from nine to ten years, the two sentences to be served consecutively, and not concurrently. Each of these sentences was in addition to a sentence of from thirty-five to forty-five years in the State Penitentiary, this latter sentence being imposed by the District Court for the City and County of Denver at about the same time for another and different robbery.
By writ of error Cowman now seeks reversal of the judgments and sentences imposed by the District Court of El Paso County in connection with the robbery of the Colorado Springs motel proprietor. In his summary of argument Cowman contends that the trial court erred in the following particulars:
1. in refusing to instruct the jury that as a matter of law Cowman was legally insane at the time of the alleged offense and in refusing to direct the jury to return such a verdict;
2. in refusing to withdraw from the jury the charge of aggravated robbery, as distinguished from so-called simple robbery, for the reason that there was insufficient evidence to establish, even prima facie, that Cowman possessed the requisite specific intent; and
3. in committing numerous errors “in the admission of testimony and refusal of testimony, and in the giving of instructions and refusal of instructions, which singularly and collectively resulted in a denial of a fair and impartial trial.”
Our study of the record convinces us that the trial *122 court committed no error which would in anywise require or warrant a reversal of the judgments and sentences thus imposed. Only brief comment is deemed necessary to set forth our reasoning in this regard.
Upon trial Cowman called as his witness a psychiatrist who had theretofore been appointed by the trial court for the purpose of conducting a mental examination of Cowman and thereafter being available to testify in his behalf. This witness apparently testified that in his opinion Cowman was legally insane, although his testimony in this regard is actually not too clear. As we read the record, this witness testified that though Cowman could distinguish right from wrong, he was nonetheless unable to adhere to the right and refrain from the wrong because Cowman was “an impulse-ridden person if stressed enough.” Based on this testimony Cowman contends that the evidence tending to show insanity was sufficient in law to raise a reasonable doubt as to his sanity and that under these circumstances the trial court should have instructed the jury to find him legally insane. In thus arguing, Cowman overlooks the fact that the People introduced much evidence tending to show that Cowman was legally sane, such testimony coming from lay witnesses as well as from two expert witnesses. Assuming, but by no means deciding, that in a given case the trial court may with propriety direct a jury to return a verdict finding a defendant in a criminal proceeding insane, it is sufficient to state that the instant case is not one where such action would under any circumstance be proper. As noted, the evidence as to the defendant’s mental condition was in sharp dispute. Hence the issue raised by the defendant’s plea of not guilty by reason of insanity was one which was properly submitted to the trier of the facts. See Henderson v. People, 156 Colo. 229, 397 P.2d 872, where we held that it was error for a trial court to direct a jury to return a verdict finding the defendant to be legally sane.
*123 This same general observation also disposes of Cowman’s contention that the People failed to establish, prima facie, that at the time of the robbery Cowman possessed the intent, if resisted, to maim, kill or wound. The evidence is uncontroverted that Cowman and two confederates, each armed with loaded guns, robbed the proprietor of a motel of some $108. The fact that the victim initially thought the defendant and his associates were “joking” or “kidding” — though she later changed her mind in this regard and complied with their demand for the money — and the further fact that upon trial Cowman testified that he did not intend to maim, kill or wound his victim, if resisted, did nothing more than once again present a controverted issue of fact to be resolved by the jury. See McGraw v. People, 154 Colo. 368, 390 P.2d 819.
In our view, the remaining assignments of alleged errors are without merit and extended comment in connection therewith would serve no good purpose. Suffice it to say that this potpourri of claimed error has been examined and in each instance found to be only imaginary, not real, and, at best, technical, not prejudicial. And such is true whether the claimed error is viewed either “singularly” or “collectively.”
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Sutton concur.