THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ISMAEL GUZMÁN VÉLEZ, Defendant and Appellant.

No. CR-71-27.      Decided November 2, 1971.

*Santos P. Amadeo* and *Jaime Córujo Collazo* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Rurico E. Rivera Rivera, Assistant Solicitor General,* for The People.

PER CURIAM: We are requested to reverse our opinion in the case of *People* v. *Rivera Suárez,* 94 P.R.R. 485 (1967). In said case we held that it is discretionary for the judge to consent to continue a criminal prosecution by the court without a jury once it has been commenced to be heard before a jury.

Ismael Guzmán Vélez was accused, tried, and convicted for the offenses of murder in the first degree, assault to commit murder, and violation of §§ 6 and 8 of the Weapons Law, having been sentenced in the following manner: life imprisonment at hard labor for the crime of murder in the first degree; of from one to ten years imprisonment at hard labor for the offense of assault to commit murder; from one to five years at hard labor for violation of § 8 of the Weapons Law; and one year in jail for violation of § 6 of the Weapons Law. Said sentences to be served concurrently with that of life imprisonment.

During the trial, after the evidence for the prosecution was presented and after the evidence for the defense had commenced, appellant requested that the jury be withdrawn and that the prosecution be continued by the court without a jury. The judge disposed of the request in the following manner:

"Judge: The court wants to state that the defendant moved for an adjournment and during the same he requested to waive his right to a jury and to continue the case by the court without a jury, and since the court at this stage of the proceedings does not accept that, it shall continue to be heard by the jury until the end."

Appellant assigns as sole error that: "The trial judge erred in not permitting defendant-appellant to waive his right to a trial by jury once the trial had commenced, since in

Puerto Rico, different from other jurisdictions, the request of a trial by jury is an absolute right of the defendant, as well as the right to waive it at any stage of the proceedings. The consent of the judge or of the prosecuting attorney is not necessary in order to make this waiver."

In *People* v. *Rivera Suárez, supra* at p. 490, we said the following:

"The practice prevailing in this jurisdiction at the time of the trial—September 24, 1962—and the one in force now by virtue of the provisions of Rule 111 of the Rules of Criminal Procedure, do not compel the defendant to have his case tried by a jury. Unlike the tradition prevailing in the United States, we have seen that in our jurisdiction trial by jury, although at the present time a constitutional right, is not an essential ingredient in our procedure. The right of the defendant to waive it has always been recognized.

"Now then, such waiver should be made by the defendant before the commencement of the trial. At that moment it is a right which the defendant has and if he chooses to exercise it, it must be upheld by the court. But the situation is different when after choosing to have a trial by jury and the same having commenced he changes his mind and decides to waive it. In that case the machinery of justice has already been moved in accordance with the request of the defendant, and the court has discretion to grant or deny it. *People* v. *Hernández,* 55 P.R.R. 921 (1940) and see also *People* v. *Plata,* 43 P.R.R. 443 (1932). In the instant case the defendant sought to waive the jury at the time he did it, evidently influenced by the aforesaid statements of the judge. They could be interpreted in the sense that the judge favored the position of the defense. The judge probably believed that the defendant so interpreted it, and that induced by that interpretation, perhaps erroneous, he moved that the trial continue by the court without a jury. The judge acted prudently in denying the petition. Because of situations like this or other analogous ones, it should be discretionary for the judge who presides a trial to consent to continue it by the court without a jury once it has been commenced to be heard before a jury."

Appellant argues that our decision in the *Rivera Suárez* case is contrary to the interpretation given by the Constitutional Convention of Puerto Rico to Art. II, § 11, Subd. 2, of our Constitution, which guarantees the right to trial by jury in Puerto Rico, in the sense that the right to a trial by jury, as well as the right to waive it, are absolute rights.

In support of his contention he brings to our consideration the incident which occurred during the Constitutional Convention in regard to this matter, between Fernández Méndez and Benítez. See 3 *Diario de Sesiones de la Convención Constituyente de Puerto Rico* 1598, 1599 (1961 ed.). In the discussion to that respect Mr. Fernández Méndez proposed an amendment to the draft of the Constitution "to the effect that the trial by jury may be waived by the defendant in the manner provided by law," since if there was no such clause "the right to a trial is a protection and a mantle which the State gives to an individual and which the individual cannot waive." Immediately after Fernández Méndez added: "The question is whether the intention is that it may be waived."

To said proposal Mr. Benítez set forth his belief to the effect that "in many jurisdictions of the United States the right to a trial by jury may be waived and it has been thus because it is a right and power of the citizen which he may exercise, or at a given moment he may prefer to be tried by judges, and he should have the alternative of one thing or the other." Also, Mr. Benítez said: ". . . the purpose of the commission is to enact and to establish the right to a trial by jury as a protection to the citizen, of which, in the manner in which it is established herein, he cannot be deprived; but which the citizen may waive in the exercise of his right."

In order to establish that the trial by jury may be waived, Mr. Benítez emphasized the difference existing between the phraseology of some state constitutions and the phraseology of the draft of the Constitution object of the discussion by

adding: ". . . where the constitutions say that all criminal actions—as some say—shall be tried by jury, and then that is a situation different from the one when it said 'the defendant shall have the right to a trial by jury.' Our articles providing thus that this is a right of the defendant which is expressly established as something that belongs to him. . . ."

As a result of the aforementioned discussion, the amendment proposed by Fernández Méndez was defeated.

■ In our opinion the only thing established in the foregoing discussion is that the right to trial by jury may be waived. The prerogative to waive a constitutional right, as it was clearly set forth by Justice Warren in the case of *Singer* v. *United States*, 380 U.S. 24 (1965), does not necessarily carry with it the right to insist upon the opposite of that right. To that respect, Justice Warren said:

"The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right. For example, although a defendant can, under some circumstances, waive his constitutional right to a public trial, he has no absolute right to compel a private trial, see *United States* v. *Kobli,* 172 F.2d 919, 924 (C.A. 3d Cir. 1949) (by implication); although he can waive his right to be tried in the State and district where the crime was committed, he cannot in all cases compel transfer of the case to another district, see *Platt* v. *Minnesota Mining & Mfg. Co.,* 376 U.S. 240, 245; *Kersten* v. *United States,* 161 F.2d 337, 339 (C.A. 10th Cir. 1947), cert. denied, 331 U.S. 851; and although he can waive his right to be confronted by the witnesses against him, it has never been seriously suggested that he can thereby compel the Government to try the case by stipulation." 13 United States Supreme Court Reports 638.

■ Let us not lose sight of the fact that the right guaranteed by our Constitution is the right to trial by jury, not the right to waive the jury, and although the latter is not expressly set forth in the Constitution, it is evident that the intent of the Constitutional Convention was that it could be

exercised. Such intention does not mean that defendant has the right to insist on a trial by the court without a jury once he has exercised his right to trial by jury, and that as a matter of fact the trial has commenced. We reiterate that the trial by jury being a right of constitutional rank, the fact that the trier in his sound discretion refuses to accept the waiver to that right, after the hearing of the case has commenced and the evidence presented, does not constitute a violation of the same. Such action by the trial judge does not violate the due process of law. On the contrary, his refusal entails the enjoyment of the right which is precisely guaranteed by the Constitution.

■ For the grounds stated we ratify our opinion in the case of *People* v. *Rivera Suárez, supra.*

The judgment rendered by the Superior Court, Caguas Part, on June 22, 1967, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate in this decision.