### No. 24807

### The People of the State of Colorado v. John David Prante
(493 P.2d 1083)

Decided February 14, 1972.          Rehearing denied March 6, 1972.

244

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Mellman, Mellman, and Thorn, P.C., Isaac Mellman, for defendant-appellant.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

John David Prante (hereinafter referred to as defendant) brings this appeal pursuant to his conviction for assault on a peace officer in violation of 1967 Perm. Supp., C.R.S. 1963, 40-7-54. He contends that there was insufficient evidence (1) of his specific intent to do great bodily harm; (2) of his knowledge that the victim was a peace officer; and (3) of his knowledge that the victim was engaged in the performance of his duties as a peace officer. He also contends that the statute under which he was convicted is unconstitutional. We do not find merit in defendant's arguments and affirm the judgment.

The record in this case shows that defendant was married to one Toni Prante at the time of the offense, though they had been separated. For the two days prior to the day of the offense, defendant and his wife had met and talked at the apartment to which she had moved. During those days he displayed a gun. On the morning of November 8, 1968, defendant entered his wife's apartment with a key. Upon returning, the wife, seeing that defendant was present, called the sheriff and two officers responded, one of whom was the victim Martinelli. Hearing male voices, defendant secreted himself in a bedroom closet.

While conducting a search for defendant, Martinelli saw him in the closet and demanded that he come out. There then transpired the acts upon which the conviction was

predicated. Defendant was arrested and charged with breaking and entering with intent to commit assault with a deadly weapon and assault on a peace officer. Trial was to a jury on January 22, 1970. Defendant was acquitted on the first charge and convicted of the second and sentenced to the penitentiary.

I.

Defendant first asserts that there was insufficient evidence of his specific intent to do great bodily injury and that therefore the judgment should be reversed. We do not agree.

Of course, specific intent is an essential element of the proof of the crime of which defendant was convicted and this specific intent must be established beyond a reasonable doubt. *Baker v. People,* 176 Colo. 99, 489 P.2d 196. But this requisite specific intent may be drawn from the circumstances of the case. *Baker v. People, supra; Garcia v. People,* 172 Colo. 329, 473 P.2d 169; *Moyer v. People,* 165 Colo. 583, 440 P.2d 783.

The People's evidence indicated the following: that when defendant emerged from the closet, in response to the officer's demand, he had in his hand a loaded weapon which was leveled to some degree; that when ordered to drop the weapon he did not do so; and that finally, Martinelli relieved him of the weapon by force. We believe this evidence to be sufficient to establish a *prima facie* case on the issue of specific intent. That defendant's testimony as to these same critical events differed from the People's only signifies that a genuine issue of fact had been raised. And where a genuine issue as to facts exists the jury as trier of the facts must be the judge of the credibility of the witnesses and the weight to be accorded their testimony. *Ruark v. People,* 157 Colo. 320, 402 P.2d 637; *Cowman v. People,* 157 Colo. 120, 401 P.2d 831; *Davenport v. People,* 138 Colo. 291, 332 P.2d 485.

II.

The same reasoning must be applied to defendant's arguments that there was insufficient evidence to prove that he had knowledge that Martinelli was a peace officer, and

248

engaged in his official duties. A showing of actual knowledge that the one assaulted was a peace officer engaged in his official duties or, under our statute, proof of the probability of such knowledge beyond a reasonable doubt must precede conviction of one charged with the crime for which the defendant was convicted.

Martinelli testified that he was in uniform and that the defendant was looking right at him through openings in the closet door. The defendant testified that he did not see Martinelli until after he emerged from the closet. Defendant testified that his actions were based on his fear of hostility from what appeared to him to be one of his wife's paramours. The evidence presented by both sides was such as to raise a genuine conflict of facts. The question of whether one knew or should have known another to be a peace officer is a purely factual issue and it is the jury's duty to resolve the conflict in evidence on this question. *People v. DeLeon,* 260 Cal.App.2d 143, 67 Cal. Rptr. 45, *cert. den.* 393 U.S. 969, 89 S.Ct. 407, 21 L.Ed.2d 380. The jury elected to believe the People's evidence regarding defendant's knowledge and we find sufficient evidence in the record to support their finding. *United States v. Starkey,* 52 F.Supp. 1 (E.D. Ill.); *Ruark v. People, supra; Cowman v. People, supra; Davenport v. People, supra.*

III.

It is finally contended by defendant that 1967 Perm. Supp., C.R.S. 1963, 40-7-54 is unconstitutional because of language therein requiring that a defendant "knew or reasonably should have known that the person assaulted was a peace officer engaged in the performance of his duties." He argues (1) that this language is so vague as to constitute violation of due process should one be convicted under the statute; and, (2) that what an accused should reasonably have known is not sufficient as a standard for criminal guilt. We do not agree with his arguments.

In our judicial system, it is fundamental that legislative enactments are presumed to be constitutional, that parties attacking their validity carry a heavy burden of proof,

and that such parties must establish invalidity clearly and beyond a reasonable doubt. *Cavanaugh v. People,* 61 Colo. 292, 157 P. 200. If all presumptions and intendments favor the constitutionality of a statute then something more than mere doubt is necessary for a judicial determination of invalidity. *Smith v. Peterson,* 131 Cal. App. 2d 241, 280 P.2d 552.

Defendant concedes the presumptions of validity of the statute, but contends that because the statute under which he was convicted permits the jury to examine whether he reasonably should have known that the victim of the assault was a peace officer, it is unconstitutional. But the fact that a penal statute is framed in a way such as to require a jury to determine a question of reasonableness does not make it too vague to afford a practical guide to acceptable behavior. *United States v. Ragen,* 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383, *rehearing denied* 315 U.S. 826, 62 S.Ct. 620, 86 L.Ed. 1222.

The statute under consideration here states clearly the behavior sought to be proscribed. In a statute so framed as to clearly put before the public notice of what is prohibited, those who risk violation and seek escape through an exceptional fact situation are not protected by the Fourteenth Amendment, nor was it the intention of the legislature that they should. The legislature recognized that peace officers are placed in a position of great risk and responsibility in enforcing laws, preventing crime and the myriad of other tasks they are called upon to perform. And for the legislature to invoke a special punishment for an assault upon a peace officer acting in the scope of his official duties is neither arbitrary, capricious nor unreasonable. *See People v. Beachem,* 35 Cal. Rptr. 673, 223 Cal. App. 2d 383.

It must be noted that the inclusion of a requirement of knowledge that the victim was a peace officer is not constitutionally required and the legislature could have made the commission of the act as such a crime without regard to the knowledge of the doer that the victim was a peace officer. *McEwen v. United States,* 390 F.2d 47 (9th Cir.

1968); *People v. Del Toro,* 155 Colo. 487, 395 P.2d 357. If the statute is constitutionally firm without the element of knowledge, it is certainly valid to include the necessity to prove knowledge or circumstances which should reasonably lead one to know that the victim is a peace officer and this inclusion serves as a beneficial inurement to anyone charged under the statute.

In situations where it is difficult to determine what an actor knows or knew, there can be no better appraisal of it than for a jury to educe what a temperate and measured man would know in the same circumstances. Indeed, this is the function of the jury at any rate whether statutorily delegated or not. And framing a statute in such a way as to give this function to the jury is not arbitrary or unreasonable. *See United States v. Ragen, supra.*

We hold that 1967 Perm. Supp., C.R.S. 1963, 40-7-54 is constitutional, that it is adequate in stating a standard of criminal guilt and that it does not violate the due process of one charged under it.

The judgment is affirmed.

MR. JUSTICE ERICKSON not participating.