## No. 26959

## The People of the State of Colorado v. Bernard A. "Bud" McCauley

(561 P.2d 335)

Decided March 7, 1977.                    Rehearing denied April 4, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Pacheco & Auer, Donald N. Pacheco, Alfred C. Harrell, Normando R. Pacheco, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

In 1971, Harold Northrup, president and sole stockholder of the Arvada Hardwood Floor Company, hired the defendant, Bernard A. ("Bud") McCauley, to place wiretaps on the phone lines of his company. The wiretaps were intended to be for "business security purposes." Pursuant to his contract with Northrup, the defendant directed the installation of several wiretaps, but did not place any signs on the premises or otherwise attempt to give any public notice that electronic listening devices had been installed. Northrup, likewise, did not provide notice of any kind. The testimony presented at the trial is in conflict as to whether the defendant actually relied upon Northrup to provide public notice. However, the uncontradicted testimony of all witnesses is that the wiretap was purposely installed at night so that the employees would not be aware of the surreptitious eavesdropping device.

The jury convicted the defendant of violating the wiretapping statute, 1967 Perm. Supp., C.R.S. 1963, 40-4-28.[1] On appeal, the defendant claims that the statute is unconstitutionally vague and that the trial court erred in placing the burden of giving public notice upon the party who installed the wiretap. We affirm.

---

[1] Now section 18-9-303(1), C.R.S. 1973.

## I.
### Burden of Giving Notice

The legislature granted an affirmative defense to those charged with the statutory offense of wiretapping. 1967 Perm. Supp., C.R.S. 1963, 40-4-31,[2] provides that the crime of wiretapping which is in issue in this case was not intended to "prevent any person from using wiretapping or eavesdropping devices on his own premises for security or business purposes *if reasonable notice of the use of such devices is given to the public . . .*" (Emphasis added.)

It is uncontested that the defendant acted as the agent of Northrup in installing the wiretap. In instructing the jury as to the elements of the crime, the trial court adopted the position that the burden of giving "reasonable notice" to the public could be placed upon the party who installed the wiretap. We agree.

The legislature was specific in delineating the requirement of public notice as a condition precedent to the assertion of the "security or business purpose" defense to the crime of wiretapping. While the statute does not specifically designate who is to give notice, the statute does require that public notice be given if the affirmative defense is to be invoked. The burden was on the defendant, who asserted the affirmative defense, to prove that public notice was given. The affirmative defense does not take effect until reasonable notice is given to the public by the agent, the owner, or some third party.

Even a cursory reading of the affirmative defense provision of the wiretapping statute reflects the legislative intent that public notice must accompany the use of an eavesdropping device for "business security" purposes to obtain the statutory exemption from criminal liability. By placing the burden of proving that the required notice was given upon the party charged under the statute, all parties involved in "business security" wiretap activities, whether as owners, agents, or independent contractors, have an incentive for seeing that reasonable notice is given to the public. Criminal responsibility for wiretapping is the rule; exemption from liability is the exception which hinges upon the giving of notice to the public.

To permit an agent or independent contractor to escape liability under the substantive provisions of the wiretapping statute, simply by pointing to the failure of his employer to give the requisite notice, would be to impose the law of agency into the criminal law. As we said in *LaVielle v. People*, 113 Colo. 277, 157 P.2d 621 (1945):

---

[2] Now section 18-9-305(1), C.R.S. 1973.

"Of course, the fact that a person is acting as an employee of another constitutes no defense in a criminal prosecution where the individual charged intentionally violated the law."

*Accord, Wainer v. United States*, 82 F.2d 305 (7th Cir.) (employee of illegal distiller guilty as principal), *aff'd*, 299 U.S. 92, 57 S.Ct. 79, 81 L.Ed. 58 (1936); *McNamara v. Johnston*, 522 F.2d 1157 (7th Cir. 1975) ("agent cannot be insulated from criminal liability by the fact that his principal authorized his conduct"); *Beachman v. State*, 289 P.2d 397 (Okla. Crim. 1955) ("The law of agency, as applied in civil cases, has no application in criminal cases, and no man can escape punishment when he participates in the commission of a crime upon the ground that he simply acted as an agent for any party."); *Restatement (Second) of Agency* § 359A ("a servant or other agent is not relieved from criminal liability for conduct otherwise a crime because of a command of his principal") and Comment(a) ("there are no [criminal] defenses peculiar to agents") (1958).

## II.
### *Vagueness*

■ The defendant also contends that the statute is unconstitutionally vague, in that it fails to delineate who has the responsibility of giving notice and does not state "how notice is to be given." The burden of proof on the notice issue has already been answered. The contention that the statute is invalid because the manner of providing notice is not specified is also without merit. As we said in *People v. Garcia*, 189 Colo. 347, 541 P.2d 687 (1975):

"The burden of proof [beyond a reasonable doubt] is especially difficult where the party seeks to attack a statute's facial validity, so long as there is no potential inhibition of certain constitutional freedoms, such as the freedom of speech. If such a statute is directed at a substantial range of conduct which is *plainly within its prohibition*, it will not be struck down as vague merely because marginal cases could be imagined where doubts might arise in its application. [Citations omitted.] Disputes concerning the application of a criminal statute to marginal cases can be more meaningfully resolved according to the rules of strict construction of the statutory terms within the context of the specific facts of the case. Only where the statute provides no discernible standards at all for defining any proscribed conduct should the harsh remedy of voiding a statute on its face be employed." (Emphasis added.)

■ The salutary principle behind this rule is simply the recognition that courts should not seek to discover means to hold a statute unconstitutional. *See United States v. Powell*, 423 U.S. 87, 96 S.Ct. 316, 46 L.Ed.2d 228 (1975). We can discern no fundamental right which is transgressed or chilled by the statutory proscriptions. *Compare Civil Service Commission v. National Association of Letter Carriers, AFL-CIO,*

413 U.S. 548, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973). Moreover, we have previously upheld a criminal statute which left to the jury the determination of "reasonableness." *See People v. Prante,* 177 Colo. 243, 493 P.2d 1083 (1972) ("[T]he fact that a penal statute is framed in a way such as to require a jury to determine a question of reasonableness does not make it too vague to afford a practical guide to acceptable behavior."), *citing United States v. Ragen,* 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383 (1942). As in *People v. Prante, supra,* this case involves an attack upon a provision which was not constitutionally required and which provided a "beneficial inurement to anyone charged under the statute," if a condition was met.

■ Finally, it is undisputed that absolutely no notice was provided to the public and that, in fact, the wiretap was carefully installed in secrecy. Even under the strictest construction of the statute in favor of the defendant, it is difficult to find a basis for applying an affirmative defense which requires that notice be given when the uncontradicted fact is that no notice was given. The facts of this case fall outside the protective sphere of the affirmative defense, and the defendant cannot complain of the existence of more marginal hypothetical cases. *See People v. Garcia, supra.* Based upon these considerations, we find that the defendant has not met the burden of establishing that the statute is unconstitutional beyond a reasonable doubt. *See People v. Blue,* 190 Colo. 95, 544 P.2d 385 (1975); *People v. Summit,* 183 Colo. 421, 517 P.2d 850 (1974).

The defendant's other contentions are without merit.

Accordingly, we affirm.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and MR. JUSTICE GROVES concur.

MR. JUSTICE LEE and MR. JUSTICE CARRIGAN dissent.

MR. JUSTICE KELLEY does not participate.


MR. JUSTICE LEE dissenting:

I respectfully dissent.

In my opinion, the majority misinterprets 1967 Perm. Supp., C.R.S. 1963, 40-4-31 (now section 18-9-305(1), C.R.S. 1973). That statute provides:

"* * * [A]ny person [may use] wiretapping or eavesdropping devices on his own premises for security or business purposes if reasonable notice of the use of such devices is given to the public."

The district court instructed the jury that the burden of providing reasonable notice to the public could be placed on defendant, who was employed by the·owner to install the wiretaps.

The majority, while admitting that "the statute does not specifically designate who is to give notice," asserts that defendant bore the burden of proving the affirmative defense that notice was given. I disagree with this construction of the statute.

It is apparent that the legislature intended that the owner of the premises would be exempt from criminal responsibility for the installation of wiretaps on his own property for security or business purposes. In this situation, otherwise forbidden conduct would become lawful provided the owner gives the required notice to the public. Had it been intended that the mechanic or technician employed to physically make the wiretap (for this lawful purpose) be required to give public notice thereof, the legislature would have so spoken.

The better reading of section 18-9-305(1), in my view, would place the burden of giving notice on the person on whose premises and for whose security or business purposes the wiretap is installed. This construction avoids imposing criminal liability on an accused for failing to act where the statute does not command that he act. In contrast, the majority interprets an admittedly ambiguous statute against a defendant, in violation of fundamental principles of due process.

I am authorized to state that MR. JUSTICE CARRIGAN joins in this dissent.