## No. 27291

### The People of the State of Colorado v. William Roy Johnson

(564 P.2d 116)

Decided May 16, 1977.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, David K. Rees, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Peter Schild, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Five rifles, valued by their owner at about $1,125, were taken in a burglary of the owner's residence. Defendant purchased these rifles for $75 each. In a trial to the court he was convicted of theft by receiving. Section 18-4-410(1) and (2), C.R.S. 1973 (1976 Supp.). We remand for further findings.

The above cited statute provides:

"(1) A person commits theft by receiving when he receives, retains, loans money by pawn or pledge on, or disposes of anything of value of another knowing *or believing or having reasonable cause to believe* that said thing of value has been stolen and intends to deprive the lawful owner permanently of the use or benefit of the thing of value.

"(2) Where the value of the thing involved is two hundred dollars or more, theft by receiving is a class 4 felony." (Emphasis added).

If the court had found that the defendant *knew* that the rifles were stolen, we would affirm the conviction. The court, however, found him guilty for another reason or reasons. Specifically, the court stated:

"In fact, as far as this Court is concerned, it is not beyond a reasonable doubt that he knew that these were stolen . . . but he no doubt believed and he had reasonable cause to believe that they were stolen.
* * * *

"Mr. Johnson, you are guilty. . . ."

As the court found that knowledge of the theft was not proven beyond a reasonable doubt, we must pass upon the question of whether either of the elements of belief that an article was stolen or having a reasonable cause so to believe passes constitutional muster.

We hold that that portion of the statute defining the mental state as including "having reasonable cause to believe" is unconstitutional by reason of overbreadth. In order for a statute such as this to be constitutional there must be a knowledge or belief by the defendant that the goods were stolen. There is a constitutional proscription against conviction of a defendant charged with felony by theft if it is predicated upon his negligence or his failure to exercise the intelligence of an ordinary prudent man. The standard of culpability, in order to be constitutional, must be what the state of mind of the particular defendant was, not what a jury concludes might be that of a fictional reasonably prudent man. *See Von Sprecken v. State*, 70 Ga. App. 222, 28 S.E.2d 341 (1943); *Commonwealth v. Boris*, 317 Mass. 309, 58 N.E.2d 8 (1944); and Annot. 147 A.L.R. 1058 and supplements thereto.

The statute contains the following elements:

(1) Receiving a thing of value;
(2) (a) knowing or
(b) believing or
(c) having a reasonable cause to believe that the article had been stolen;
(3) with specific intent to deprive the lawful owner thereof permanently.

The matter of "knowing" is not the subject of constitutional attack. As we have already stated, "having a reasonable cause to believe" is unconstitutional. This leaves remaining the element of "believing."

There are two lines of authority on the element of believing. *See State v. Beale*, 299 A.2d 921 (Me. 1973). One line of authority would equate "belief" with "knowledge," *i.e.*, treat knowledge and belief as synonomous. *See State v. Redeman*, 9 Or. App. 329, 496 P.2d 230 (1972). Particularly by reason of the necessity of finding a specific intent on the part of the defendant to deprive the lawful owner of the article permanently, we follow the rule that, if a defendant receives a thing of value believing it to have been stolen and with the specific intent just mentioned, his conviction of theft does not violate the constitution. *See Von Sprecken v. State, supra*, and *Commonwealth v. Boris, supra*.

We do not have a situation in which the property was not in fact stolen. Therefore, we do not reach the question of constitutionality of a conviction of a defendant who believes unstolen property was stolen.

The trial judge stated that the defendant "no doubt believed and he had reasonable cause to believe that [the rifles] were stolen." We are unsure whether there were two distinct findings, one of belief and the other of reasonable cause to believe. Therefore, we must remand this cause to the trial judge for more specific findings. If he finds that the defendant believed the goods to have been stolen, then the defendant's conviction stands affirmed. If he cannot make such a finding, then he should render judgment of acquittal.

The cause is remanded with directions to proceed as indicated above.

MR. JUSTICE ERICKSON specially concurs.

MR. JUSTICE KELLEY dissents.

MR. JUSTICE ERICKSON specially concurring:

While I agree with the result reached by the majority in this case, I believe a further word is required as to the nature of the constitutional defect in this case. The objectionable language in the theft by receiving statute, section 18-4-410(1), C.R.S. 1973, is "*believing or having reasonable cause to believe.*" In *People v. Prante*, 177 Colo. 243, 493 P.2d 1083 (1972), we approved language in an "assault on a police officer" statute which required that a defendant "*knew or reasonably should have known that the person assaulted was a peace officer engaged in the*

*performance of his duties*." There we articulated a general rule:
"[T]he fact that a penal statute is framed in a way such as to require a jury to determine a question of reasonableness does not make it too vague to afford a practical guide to acceptable behavior."

A similar analysis was recently employed in *People v. McCauley*, 192 Colo. 545, 561 P.2d 335 (1977) (upholding language "if reasonable notice is given to the public" in wiretapping statute).

The majority opinion does not discuss *People v. Prante, supra*, and *People v. McCauley, supra*, and does not analyze standards of "reasonableness" in criminal statutes. In *People v. Prante, supra*, we qualified the general rule by stating:
"It must be noted that the inclusion of a requirement of knowledge that the victim was a peace officer is not constitutionally required and the legislature could have made the commission of the act as such a crime without regard to the knowledge of the doer that the victim was a peace officer. . . . If the statute is consitutionally firm without the element of knowledge, it is certainly valid to include the necessity to prove knowledge or circumstances which should reasonably lead one to know that the victim is a peace officer and this inclusion serves as a beneficial inurement to anyone charged under the statute."

Likewise, in *People v. McCauley, supra*, we approved a "reasonableness" standard in an *affirmative defense*, noting that "this case involves an attack upon a provision which was not constitutionally required and which provided a 'beneficial inurement to anyone charged under the statute,' if a condition was met." *Id., quoting People v. Prante, supra.*

The principle which emerges from these cases is that use of a "reasonableness" standard in a criminal statute is not overly vague when confined to elements which are not constitutionally required. The theft by receiving statute in this case employs a "reasonable cause to believe" standard as part of a constitutionally mandated *mens rea* element in the crime. Certainly mere receipt of stolen goods without *any* culpable mental state could not be criminally proscribed as a strict liability crime. *See People v. Garcia*, 189 Colo. 347, 541 P.2d 687 (1975) (where "statute is being applied to conduct which a citizen could not reasonably have known was forbidden," definitive statement of requisite criminal intent is necessary). Accordingly, the statute in this case falls outside the permissible range of employing a "reasonableness" test.

## ADDENDUM

Following the announcement of this opinion the trial judge reviewed the transcript of the record, heard the arguments of counsel and made a finding that the defendant believed that the rifles were stolen. Therefore, the defendant's conviction is affirmed.